## GEORGE v. CAPITAL TRACTION CO.

(Court of Appeals of District of Columbia. Submitted October 9, 1923. Decided February 5, 1924.)

No. 3922.

1. Street railroads ⬥114(6, 14)—Evidence held to show negligence and automobile driver's freedom from contributory negligence.

In an action for damages resulting from a collision between an automobile and a trolley car at a street intersection, evidence that plaintiff depended on the trolley car stopping at a corner where some passengers were waiting to board it and that it did not stop, there being nothing preventing the motorman from seeing that a collision would probably occur unless he diminished the speed of the car, *held* to show that defendant was negligent and plaintiff was free from contributory negligence.

2. Appeal and error ⬥1010(1)—Verdict or judge's decision on facts conclusive, where evidence susceptible of different conclusions.

A verdict of a jury, or a decision of a judge who tries a case without a jury, finally determines the facts, where the evidence is of such a character that intelligent persons may honestly differ as to what was actually proved.

3. Appeal and error ⬥1010(1)—Judge or jury cannot disregard evidence which is all one way.

Where the evidence is all one way, and is not immaterial, irrelevant, improbable, inconsistent, contradicted, or discredited, it cannot be disregarded or ignored by judge or jury, and if one or the other makes a finding which is contrary to the evidence, or which is not supported by it, an error results, for which the verdict or decision, if reviewable, must be set aside.

4. Appeal and error ⬥274(6)—Exception to finding held to raise point of sufficiency of evidence.

An exception to the making of a finding of fact in favor of defendant and to the court's refusal to grant a new trial *held* to raise the question of the sufficiency of the evidence.

5. Appeal and error ⬥387(3)—Court of Appeals rule as to filing of cost bond not applicable to writs of error.

Court of Appeals rule 10, relating to the filing of cost bonds on appeal, has no application to a review by way of writs of error.

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**6. Appeal and error ⬤═▷1—Distinction between writ of error and appeal recognized.**

A writ of error is not an appeal, and the distinction between them is still recognized.

**7. Courts ⬤═▷445—Writ of error to municipal court, granted without cost bond, reviewed.**

The requirement of a cost bond for appeals from the Supreme Court under Court of Appeals rule 32, and rule 10, par. 3, should not be applied to writs of error to the municipal court, and a writ of error once granted to plaintiff, without a cost bond to meet costs on review, should be entertained and decided on its merits, in view of Act March 3, 1921, § 12.

Error to the Municipal Court of the District of Columbia.

Action by George K. George against the Capital Traction Company. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

Frank Sprigg Perry, of Washington, D. C., for plaintiff in error.
E. A. Swingle, of Washington, D. C., for defendant in error.

Before SMYTH, Chief Justice, ROBB, Associate Justice, and SMITH, Judge of the United States Court of Customs Appeals.

SMITH, Acting Associate Justice. This is an action to recover damages for injuries alleged to have been negligently caused to an automobile, and comes before this court on writ of error to the judge of the municipal court, directing that the record and the proceedings had therein by said court be sent here for review.

[1] The declaration in effect alleged that a street car of the Capital Traction Company, south-bound on Fourteenth street, failed to stop at the northwest corner of Fourteenth and S street, as required by the police regulations, to take on passengers there waiting to board the car, and in violation of the police regulations crossed the intersection of said streets at a speed greater than 12 miles an hour; that in consequence of the failure to stop and of such excessive speed and of the negligence of defendant said car collided with the automobile of plaintiff in error without fault or neglect on his part, and broke and injured said automobile, to the damage of the plaintiff in the sum of $1,000. To the declaration the Capital Traction Company pleaded the general issue, and the case came on for trial without a jury before Hon. Edward B. Kimball, one of the judges of the municipal court.

The plaintiff submitted testimony on his behalf, from which it appeared that plaintiff, about 4 o'clock in the afternoon, drove his car north on Fourteenth street to the intersection of S street, Northwest, at which place, after stopping to permit a passenger to alight, he turned his automobile and started to cross the tracks of the Capital Traction Company. When about 15 or 20 feet from the north-bound or easterly track, he saw about half a block away a car of the Capital Traction Company coming south on the west track and approaching the northwest corner of Fourteenth and S streets, which was a regular stopping place for south-bound cars. At that point three or four people were waiting to board the said car, and one of those waiting signaled

⬤═▷For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

to the motorman to stop by holding up his hand. According to the testimony, no north-bound car was about to arrive at Fourteenth and S streets, and there was nothing to obstruct the view of the motorman on the south-bound car. The motorman did not stop, and the automobile of the plaintiff, while passing over the west track at a speed of 9 or 10 miles an hour, was struck by the south-bound car with such force that it was dragged a distance of about 22 feet and practically demolished. The plaintiff testified that he purchased the car for $300, and spent $302.50 in fixing it up. He stated that it was so badly damaged by the collision that it could not be repaired, and that he was allowed $50 for it as junk when he purchased a new car.

On that evidence the plaintiff rested his case, whereupon counsel for the defendant moved that the action be dismissed, and that a finding of fact be made in favor of the defendant, inasmuch as plaintiff was guilty of contributory·negligence and had failed to prove negligence on the part of the defendant. Judge Kimball entered a finding of fact in favor of the defendant without hearing any evidence for the defendant and counsel for plaintiff duly excepted. A motion for a new trial was made and heard by Charles E. Mehan, one of the judges of the municipal court, who, after a statement by counsel, denied a new trial and entered judgment for the defendant on the finding of fact made by Judge Kimball, to which action of the court plaintiff excepted.·

The evidence establishes without contradiction that the motorman of the defendant had an unobstructed view of both tracks, and that there was nothing to prevent him from seeing that the plaintiff was bound westward over the south-bound track, and that a collision would probably occur unless he brought his·car to a stop or diminished its speed. That an accident would likely occur unless the car stopped or diminished its speed was, it is true, also known to the plaintiff. Nevertheless he was guilty of no negligence in proceeding westward over the westerly track, inasmuch as he was fully justified in assuming that the car would stop at the northwest corner of Fourteenth and S streets, to take on the passengers who were there waiting to board the car, which had been signaled to stop by one of those waiting to take it.

The motorman of the colliding car was half a block away when he saw or could have seen that the plaintiff was westward bound across Fourteenth street. He saw or should have seen that there were passengers waiting to board his car. He knew or should have known that drivers of vehicles crossing the street to the westward would assume that he would come to a full stop at a regular stopping place to take on waiting passengers, and that, as those drivers could not well be aware of his intention to continue southward, he must keep his car under such control as would enable him to avoid a collision. Possibly the car was loaded to its full capacity, or was behind time, and the motorman believed that he was justified in not stopping; but as that fact was known to him, and could not well have been known to those driving vehicles westward across the street, prudence and a proper regard for their safety and property required that the motorman should either stop or so reduce the speed of his car as to permit vehicles to cross the street unharmed. The motorman did not stop, and apparently did not greatly

diminish the speed of his car, inasmuch as the collision made junk of the automobile and pushed it some 22 feet after being struck.

The uncontradicted and unimpeached testimony in the case discloses no negligence on the part of the plaintiff, and proves at least prima facie that negligence of defendant's motorman was the direct and immediate cause of the collision. Counsel for the Capital Traction Company contend, however, that on their motion the trial judge made a general finding of fact in favor of the defendant, and that as that finding is not subject to review it is conclusive as to the facts. We find no authorities to support that contention, and we are of the opinion that it is unsound. If there had been any conflict of evidence as to material issues, or if the evidence introduced by the plaintiff tended to show that he was guilty of contributory negligence, or that there was no negligence on the part of the defendant, this court might well decline to interfere with the finding of the court.

[2, 3] The verdict of a jury and the decision of a judge who tries a case without a jury finally determine the facts, where the evidence is of such a character that intelligent persons may honestly differ as to what was actually proven. Murray v. Washington & Georgetown Railroad Co., 2 MacArthur, 195; Pringle v. Guild et al. (C. C.) 119 Fed. 962, 964. But where the testimony is all one way, and is not immaterial, irrelevant, improbable, inconsistent, contradicted, or discredited, such testimony cannot be disregarded or ignored by judge or jury, and if one or the other makes a finding which is contrary to such evidence, or which is not supported by it, an error results, for which the verdict or decision, if reviewable, must be set aside. To hold otherwise would vest triers of the facts in cases subject to review with authority to disregard the rules of evidence which safeguard the liberty and estate of the citizen. Kelly v. Jackson, 6 Pet. 622, 631, 8 L. Ed. 523.

[4] Nothing appearing of record which warranted the judge of the municipal court in wholly rejecting the testimony introduced by the plaintiff, or in holding that his witnesses were unworthy of credence, or that a prima facie case had not been made out for the plaintiff, or that the defendant was not required to make proof of its defense, the municipal court erred in making a general finding of fact for the defendant and in entering thereon a judgment in its favor. It may be that the trial judge did not wholly reject plaintiff's evidence, but either held that the facts proven prima facie by the plaintiff did not establish that the defendant's motorman was negligent, or that they tended to show that plaintiff was guilty of contributory negligence. If that was the holding, however, the judge was not making a finding of fact, but drawing a conclusion of law from the facts. We are of the opinion that as a matter of law contributory negligence cannot be deduced from the facts proven by the plaintiff, and that they fully warrant the conclusion that the defendant was negligent. The exception taken to the making of a finding of fact in favor of defendant and to the court's refusal to grant a new trial was sufficient to raise the point upon which the plaintiff now relies for a reversal.

[5] The judgment in favor of the defendant was rendered on October 9, 1922, and the cost bond was not filed in the municipal court until November 13, 1922. Plaintiff in error moves the court to dis-

miss the writ, on the ground that the cost bond should have been filed within 20 days after the date of the judgment, and in support of the motion cites rule 32 and rule 10 of this court. The parts of rule 32 and of rule 10 relied upon read as follows:

Rule 32: " * * * The rules of this court with respect to the preparation and printing of the record and of briefs in cases appealed from the Supreme Court of the District shall apply in cases brought into this court from the municipal court. All other rules of this court with respect to practice which are not inconsistent with any of the rules under this caption shall also apply to cases coming from the municipal court."

Rule 10, par. 3: "In all causes appealed to this court, except as hereafter provided in paragraph 4 of this rule, the appellant shall give bond sufficient to cover the costs of the case, or he may deposit in said clerk's office with the approval of one of the justices of said Supreme Court, a sum of money reasonably sufficient to cover such costs."

Rule 10, par. 5: " * * * If neither the bond * * * for stay or supersedeas, nor the bond or deposit of money for security of costs required by the preceding third section, be given or made within the 20 days aforesaid, the appeal, if the transcript of the record has not been transmitted to this court, may be dismissed by the court below, or one of the justices thereof, upon application by the appellee; or, if the transcript has been filed in this court, said appeal will be dismissed here, upon motion of the appellee, provided the motion for dismissal in this court be made within the first 20 days next after the receipt of the transcript in this court."

[6, 7] Rule 10 is by its terms limited to appeals, and has no application whatever to review by way of writs of error. A writ of error is not an appeal, and the distinction between the remedies has always been and still is well recognized. Pierce v. United States, 37 App. D. C. 582, 584, 585. In fact section 12 of the act enlarging the jurisdiction of the municipal court of the District of Columbia expressly provides that no appeal shall lie from the municipal court to the Supreme Court of the District, and that, if any justice of the Court of Appeals shall be of the opinion that a judgment of the municipal court ought to be reviewed, a writ of error shall be issued from the Court of Appeals to the municipal court. The statute provides for the giving of a supersedeas bond to stay the judgment, but does not require the giving of a cost bond to perfect or validate the writ when granted, or as a condition precedent to the granting thereof. Section 12, Act March 3, 1921 (41 Stat. 1312). Whether the giving of a cost bond may be provided for by rule of court, in order to make the writ effective, it is not necessary to decide; but until such rule is promulgated it seems clear to us that the requirement of a cost bond for appeals from the Supreme Court should not be applied to writs of error to the municipal court, and that a writ of error once granted to a plaintiff without a cost bond to meet costs on review should be entertained and decided on its merits. Possibly the justice of this court who granted the writ might have exacted as a condition for its issuance a cost bond, but we find nothing in the applicable statutes which makes it obligatory on the losing party to file such a bond at the time he makes application for the writ and before he has any assurance that the writ will be allowed.

The motion to dismiss the writ of error is denied. The judgment of the municipal court is reversed, with costs, and the case is remanded for a new trial.