## WRIGHT v. CAPITAL TRANSIT CO.
### No. 131.

Municipal Court of Appeals for the
District of Columbia.

Dec. 17, 1943.

James F. Bird, of Washington, D. C. (H. G. Warburton, of Washington, D. C., on the brief), for appellant.

R. E. Lee Goff, of Washington, D. C. (Bowen & Kelly, of Washington, D. C., on the brief), for appellee.

Before RICHARDSON, Chief Judge, and CAYTON, and HOOD, Associate Judges.

RICHARDSON, Chief Judge.

Appellant sued Capital Transit Company for damage to his trailer-truck resulting from a collision with defendant's street car. A verdict for defendant was directed by the court at the conclusion of plaintiff's case on the ground that plaintiff was guilty of contributory negligence, and that he had failed to prove damage. Judgment was entered on this verdict and plaintiff has appealed.

The collision occurred at a point on Independence Avenue where Truck Route No. 1 (north), after paralleling the street car tracks on that Avenue in a due east direction, turns obliquely left and crosses the car tracks, from which point it continues into Maryland Avenue in a northeasterly direction.

Independence Avenue, the center of which is occupied by defendant's car tracks, is a main highway, running due east and west. Maryland Avenue does not continue across Independence Avenue at that point, so that the "intersection," as that term is employed in the record and used herein for convenience, refers to the area within the curb lines of Maryland Avenue projected across Independence Avenue to the continuous south curb of the latter.

Traffic at this point is controlled by signal lights. The upper light, a green arrow marked "Through", is constant; below that is an amber light; below the latter is a green arrow light marked "Left Only". The "Through" light shows alone for a period of thirty-five seconds; both "Through" and "Left Only" lights then show for forty seconds; then follow the "Through" and amber lights for five seconds. This completes the cycle.

Between the car tracks and the south curb of Independence Avenue are four lanes of traffic. The south lanes are for through vehicular traffic, which is not impeded by passing vehicles and proceeds on either "Through" or the combined "Through" and "Left Only" signals. Traffic in the lanes adjacent to the car tracks proceeds and turns left on the "Left Only" signal. Street cars are required to

stop unless the "Through" signal alone is shown, and may proceed when that alone appears, and defendant's operators are so instructed.

Plaintiff driving his trailer-truck and proceeding north on Truck Route No. 1 was approaching and within about twenty feet of the intersection when the "Left Only" signal appeared. At this time, plaintiff testified, he saw defendant's street car, also approaching the intersection from the same direction, about two hundred feet distant. Plaintiff proceeded and made the left turn across the car tracks. His truck, which was forty-two feet in length, was struck on its left side at a point eight feet from its rear end by defendant's car. There was testimony that the tractor section of the truck had crossed over the east bound tracks and was then about twenty feet beyond the rails of the west bound car tracks. Three witnesses testified that the operator of the street car did not apply its brakes until it reached the intersection.

While there was testimony of one eye witness that the street car was a much shorter distance from the intersection, about sixty feet away, when the signal changed, it was undisputed that the truck was proceeding slowly, ten to fifteen miles per hour, and that the street car was travelling at the rate of twenty-five miles per hour, so that the position of the vehicles at the time of impact may have corroborated plaintiff's estimate of the position of the street car when the signal light changed.

### Contributory Negligence.

Where the evidence is conflicting, or if the facts are undisputed but reasonable men may differ as to the inferences resulting, contributory negligence is an ultimate fact for the jury to decide. It only becomes a question of law for the court when there is but one reasonable inference which may be drawn from undisputed facts.[1]

Upon the present state of the record, plaintiff was entitled to assume that the street car would obey the traffic signal and stop before entering the intersection if, when the light changed, it was a sufficient distance from the intersection to permit it to stop, and his crossing in front of the approaching car, which was required by traffic regulations to make an intervening stop, was not negligence in law.[2]

There was clearly error in taking this issue from the jury.

### Damages.

The second ground upon which the court directed the verdict was that plaintiff's damages had not been proven. There was evidence that the collision damaged plaintiff's truck and that the expenses for which he claimed reimbursement were for repairs necessitated by the collision. The issue is whether the evidence was sufficient to furnish a measure of damage by which the jury could reach a verdict.

Plaintiff testified that after the collision, before he could proceed, he took the truck to a Washington garage and he, his regular helper, and a mechanic, spent one and a half days making temporary repairs. For this no claim was made. Representatives of the defendant instructed him to get two estimates for repair of the damage and before he left Washington he obtained and furnished these estimates to defendant. He was informed by defendant's representative that it would settle for the low estimate. This was not done and he took the truck to Asheville, North Carolina. The repairs were then made at the McNeil Body Works, an automobile repairing and rebuilding concern in Asheville. Its charge of $728.50 was less than either of the estimates obtained in Washington. Plaintiff paid the bill. The receipted itemized bill was admitted in evidence. Plaintiff was asked whether he considered the bill fair and reasonable. Defendant's objection to this question was sustained.

Where damages to an automobile are such that they may reasonably be repaired, restoring the vehicle to substantially its condition prior to the injury, the measure of damages is the fair and reasonable cost of the necessary repairs.

[1] Gunning v. Cooley, 281 U.S. 90, 50 S. Ct. 231, 74 L.Ed. 720; Tobin v. Pennsylvania R. Co., 69 App.D.C. 262, 100 F.2d 435, certiorari denied 306 U.S. 640, 59 S.Ct. 488, 83 L.Ed. 1040; Boaze v. Windridge & Handy, 70 App.D.C. 24, 102 F.2d 628; McWilliams v. Shepard, 75 U.S.App. D.C. 334, 127 F.2d 18.

[2] George v. Capital Traction Co., 54 App. D.C. 144, 295 F. 965; Green v. Detroit United Railway, 218 Mich. 59, 187 N.W. 302; Smith v. Kansas City Rys. Co., Mo. App., 258 S.W. 458; Travis v. Eisenlord, 256 Mich. 264, 239 N.W. 304; West Coast Transportation Co. v. Landin, 187 Wash. 556, 60 P.2d 704.

As plaintiff testified that the repairs itemized in the bill were those occasioned by the collision, the issue is confined to the question whether the amount of the bill was reasonable.

 Whether plaintiff, who had been in the trucking business for many years was qualified to testify to the reasonableness of the bill for repairs[3] is unnecessary for us to decide. Under the circumstances recited we hold that the paid bill, supported by the testimony that it was for repairs necessitated by the collision, was sufficient prima facie evidence of the amount of damage.

In Cloyes v. Plaatje, 231 Ill.App. 183, it was held: "The price paid for repairing an automobile, where the work has been done by a person engaged in that line of business, nothing appearing to cast suspicion on the transaction, the bill presented by the repairman and paid, is presumptive evidence of the reasonable value of the repairs."

In Illinois it was first held that an itemized bill of a garage making the repairs on an automobile was not admissible as proof of the damages without other evidence to show that the charges made were reasonable or were the usual and customary charges.[4]

A year later the same court in two cases held that where repairs are made by a concern engaged in the business of making such repairs, and the owner paid the repair bill, the latter is prima facie evidence that the amount paid was reasonable in the absence of evidence casting suspicion on the transaction.[5] These later decisions have been followed in subsequent cases.[6]

We think the rule stated is reasonable when applied with due regard to its limitation—that no circumstances of suspicious character appear. It is peculiarly applicable here where two local estimates furnished defendant immediately after the occurrence exceeded the amount of the paid bill.

Counsel for appellant have cited Nunan v. Timberlake, 66 App.D.C. 150, 85 F.2d 407, in which a physician's bill for services was accepted without supporting evidence.

This decision was in a personal injury action and the ruling was apparently limited to cases involving charges for medical service in litigation of that character.

We hold that plaintiff had made a prima facie case and that it was error to instruct a verdict for defendant.

Reversed.

---

[3] Alabama Power Co. v. Armour & Co., 207 Ala. 15, 92 So. 111; Folken v. Union Pac. R. Co., 122 Neb. 193, 239 N.W. 831; Bailey v. Ford, 151 Md. 664, 135 A. 835; Burgin v. Stewart, 216 Ala. 663, 114 So. 182.

[4] Probasco v. Crane Co., 238 Ill.App. 287.

[5] Moyer v. Vaughan's Seed Store, 242 Ill. App. 308; Roth v. Fleck, 242 Ill.App. 396.

[6] Finch v. Carlton, 249 Ill.App. 15; Singer v. Cross, 257 Ill.App. 41; Byalos v. Matheson, 328 Ill. 269, 159 N.E. 242.