## FINNEY v. CAPITAL TRANSIT CO. et al.
### Civ. No. 3802.

United States District Court
District of Columbia.
Nov. 25, 1952.

Dennis Collins, Washington, D. C., for plaintiff.

Frank F. Roberson and George D. Horning, Jr., Washington, D. C., for defendants.

HOLTZOFF, District Judge.

In this action to recover damages for personal injuries the jury found a verdict for the plaintiff in the sum of $5,000. The defendants now present alternative motions for a judgment notwithstanding the verdict, or for a new trial.

The plaintiff sustained his injuries as a result of a collision between a motorcycle that he was driving and a streetcar of the defendant Capital Transit Company, operated by the defendant J. C. Hare as motorman. The impact occurred at the intersection of Pennsylvania Avenue and Twenty-first Street, in Washington, D. C. Both vehicles were proceeding in an easterly direction on Pennsylvania Avenue, when the motorcycle started to make a left turn to go northerly on Twenty-first Street. While crossing the tracks, the motorcycle was struck by the streetcar.

There is a sharp conflict in the testimony as to the details of the accident. Since the jury found a verdict in favor of the plaintiff, it is proper to infer that they adopted the plaintiff's version, which was substantially as follows. The plaintiff was driving his motorcycle easterly on Pennsylvania Avenue, intending to make a left turn into Twenty-first Street. He saw a streetcar back of him moving in the same direction. Slightly west of the intersection there was a loading platform for taking on and discharging passengers. The plaintiff observed that several persons, apparently prospective passengers, were standing on the platform. He, therefore, assumed that the streetcar would stop at the loading platform and felt that it was safe to make the turn. He commenced the left turn and halted his motorcycle on the streetcar tracks to permit westbound traffic to go by and clear. Unfortunately, the streetcar did not stop at the loading platform,[1] but moved along on its course and struck the motorcycle.

One of the contested issues was whether the plaintiff was guilty of contributory negligence as a matter of law. The Court ruled that the issue was for the jury and instructed the jury that it was for them to determine whether it was reasonable for the plaintiff to take it for granted that the streetcar would stop at the loading platform, in view of the fact that there were prospective passengers standing there apparently awaiting transportation. If he was not justified in making this assumption, the Court charged the jury, they would have a right to find the plaintiff guilty of contributory negligence. On the other hand, if they found that as a reasonable man he had a right to expect that the streetcar would come to a stop, he was not guilty of contributory negligence in commencing to cross the car tracks when he did.

■ This instruction is fully supported by the decision of the Court of Appeals

in George v. Capital Traction Co., 54 App. D.C. 144, 146, 147, 295 F. 965, 967. That case not only involved the same principle, but also presented an identical state of facts. A motorist desiring to cross a street on which there was a streetcar line, saw a streetcar approaching the intersection. He also observed that there were several prospective passengers waiting to board the streetcar. He, therefore, assumed that the streetcar would stop and proceeded to cross the car tracks. The motorman failed to stop, however, and the streetcar hit the automobile. The case was tried in the Municipal Court without a jury. A judgment for the defendant was reversed on the ground that there was no basis for a finding that the plaintiff was guilty of contributory negligence. The Court discussed this matter as follows:

"Nevertheless he [i. e., the motorist] was guilty of no negligence in proceeding westward over the westerly track, inasmuch as he was fully justified in assuming that the car would stop at the northwest corner of Fourteenth and S streets, to take on the passengers who were there waiting to board the car, which had been signaled to stop by one of those waiting to take it.

"The motorman of the colliding car was half a block away when he saw or could have seen that the plaintiff was westward bound across Fourteenth street. He saw or should have seen that there were passengers waiting to board his car. He knew or should have known that drivers of vehicles crossing the street to the westward would assume that he would come to a full stop at a regular stopping place to take on waiting passengers, and that, as those drivers could not well be aware of his intention to continue southward, he must keep his car under such control as would enable him to avoid a collision. Possibly the

<hr/>

1. It appeared in the testimony that the motorman had been instructed by his superiors to pass every other car stop in view of the fact that he was running be-  hind schedule. This naturally was not known to the plaintiff prior to the accident.

car was loaded to its full capacity, or was behind time, and the motorman believed that he was justified in not stopping; but as that fact was known to him, and could not well have been known to those driving vehicles westward across the street, prudence and a proper regard for their safety and property required that the motorman should either stop or so reduce the speed of his car as to permit vehicles to cross the street unharmed.

\* \* \* \* \* \*

"We are of the opinion that as a matter of law contributory negligence cannot be deduced from the facts proven by the plaintiff, and that they fully warrant the conclusion that the defendant was negligent."

At best the charge to the jury in the case at bar was more favorable to the defendants than that to which they were strictly entitled, because on the authority of the George case, the Court might well have instructed the jury that as a matter of law the plaintiff could not be deemed guilty of contributory negligence under the circumstances. Instead, the Court left the question of contributory negligence to the jury.

■ The Court also submitted the case to the jury on the doctrine of the last clear chance. Obviously, if the plaintiff's version of the accident was true, this was a proper case for the application of that rule. Moreover, the Court of Appeals in this case, on an appeal from the judgment rendered at the first trial, held that it was error to refuse to charge the jury concerning the doctrine of the last clear chance.

■ Counsel for the defendant further assigns as error the fact that the verdict was returned while he was absent from the courtroom. No doubt counsel had a right to be present at the return of the verdict, but by absenting himself from the courtroom he waived his rights in that respect. Were the rule otherwise, trial courts might find themselves in difficulty when the jury is ready to report, but counsel have disappeared, as unfortunately

at times happens. In this case the Court endeavored to have counsel located and waited ten minutes for that purpose. In any event, the defendants were manifestly not prejudiced by counsel's absence from the courtroom. There is no basis for the technicality now advanced.

■ The only other question that requires discussion is the amount of damages. The plaintiff sustained a leg injury, as a result of which he suffered considerable pain and distress for several months. He seems to have achieved a good recovery, however, because he is now on active duty as an officer in the United States Air Force. His functions include flying of airplanes and he receives flying pay.

It was stipulated that the pecuniary damages sustained by the plaintiff, which comprehend hospital and medical expenses, and the like, loss of income, and damages to his motorcycle, aggregate the sum of $1,047. The Court is of the opinion that the verdict is excessive and should be reduced to $4,000.

Motion for judgment notwithstanding verdict is denied. Motion for a new trial is granted unless the plaintiff stipulates to a reduction of the verdict from $5,000 to $4,000.