**Harold L. HEMMINGER, Appellant,**

**v.**

**William H. SCOTT, Appellee.**

**No. 1586.**

Municipal Court of Appeals for the District of Columbia.

Argued Jan. 10, 1955.

Decided Feb. 15, 1955.

Peter Larsen, Washington, D. C., with whom Charles C. Collins and Robert E. Anderson, Washington, D. C., were on the brief, for appellant. Kermit L. Sharff, Washington, D. C., also entered an appearance for appellant.

J. Joseph Barse, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

This was a suit for damages resulting from an automobile collision. A finding and judgment were entered for plaintiff and defendant has appealed. He contends that the trial court erred in admitting in evidence a copy of a repair estimate concerning damages sustained by plaintiff's automobile.

The record in this case is most unsatisfactory; it reveals only that defendant objected on the theory that the exhibit was merely an estimate as distinguished from a paid bill. He stated that he would attempt to prove that all items listed thereon were not caused by the collision. Plaintiff testified that the company which furnished the estimate was the same company which made the repairs; that he paid the amount shown by the itemized bill; and that the repairs were necessitated as a result of the collision. While the record does not reflect

whether any testimony was introduced by defendant, it was admitted at oral argument before us that defendant offered none.

On a previous occasion this court held that where damages to an automobile are such that they may reasonably be repaired, restoring the vehicle to substantially its condition prior to the injury, the measure of damages is the fair and reasonable cost of the necessary repairs.[1] Coupled with this general rule is the proposition that in measuring the damages the plaintiff has the burden of proving the causal connection between the injury and the necessity for the repairs made, and also the reasonableness of the cost of the repairs.[2] Therefore, it was incumbent upon plaintiff in establishing a prima facie showing of damages to introduce evidence to this effect.

The plaintiff alleged that the damages sustained by his automobile amounted to a certain sum and an itemized bill or estimate totaling this sum was introduced in evidence. He further testified that the repairs were made necessary as a result of the collision. Although no receipted bill was offered in evidence by plaintiff in support of his allegation of payment of the estimate, this court has held that official receipts or records are not the only means permissible in evidencing payment of money.[3]

Both parties rely on Wright v. Capital Transit Co., supra, as authority for their contentions. In that case the question was not one concerning the causal connection between the injury and the necessity for the repairs made, but rather whether the amount of the receipted bill was reasonable. The court held that the paid bill, supported by the testimony that it was for repairs necessitated by the collision, was sufficient prima facie evidence of the amount of damage. In view of the language used in that opinion, there is no practical difference between an itemized receipted bill being offered as proof of payment and, as in the present case, an itemized repair bill or estimate coupled with oral testimony as to payment of same. Either method, supported by testimony that the repairs were necessitated by the collision, is sufficient prima facie evidence of the amount of damage.

The record does not reveal any evidence which would arouse suspicion as to the repairs made. The repair shop was in that particular business and if the defendant had any reason to suspect foul play in the transaction he had the opportunity to come forward with evidence on the subject. Plaintiff fulfilled the requirements necessary to establish a prima facie case of damages and the defendant then had the burden of going forward with any evidence he may have had to mitigate or abate the damages by showing the amount to be less. This he chose not to do. Not being a jury trial, it then became a question for the court to decide as to whether the plaintiff had met the burden of proof. We find no error in his ruling.

Affirmed.

1. Wright v. Capital Transit Co., D.C.Mun. App., 35 A.2d 183.

2. 25 C.J.S., Damages, § 144.

3. Ford v. District of Columbia, D.C.Mun. App., 102 A.2d 838.