**Neil L. CADE, Appellant,**

v,

**GREAT AMERICAN INSURANCE COMPANY, Appellee.**

No. 2146.

Municipal Court of Appeals for the District of Columbia.

Submitted March 10, 1958.

Decided June 3, 1958.

**152**

Donald A. Brown, Washington, D. C., for appellant.

G. Joseph Cooley, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellant's car collided with one driven by Charles Menges, whom appellee had insured under a "$100 deductible" policy. According to the complaint Mr. Menges sustained damages to his car which required repairs costing $338.22. Under the terms of the policy appellee paid him $238.22. It then brought this suit as subrogee against appellant for that sum, and was awarded judgment. The sole contention urged on this appeal is that appellee's proof on the question of damages was incompetent because (1) it was not properly authenticated, and (2) it did not satisfy the requirements of the best evidence rule.

In order to prove damages,[1] appellee could show Mr. Menges' loss by introducing either the paid repair bill[2] or an estimate of the cost of repairs,[3] coupled with testimony as to the payment of such charge.[4] We have held that an itemized repair bill, coupled with oral testimony as to payment, was sufficient prima facie evidence of the amount of damages in the absence of any evidence casting suspicion on the transaction. Evidence must also be introduced of payment to the insured to establish the right of subrogation.[5] Appellee's evidence on these points was as follows:

It offered only one witness, Mr. Menges. He testified that the cost of the repairs necessitated by the accident was $338.22 and that he paid this amount to the repair company. In turn, appellee gave him a check in the sum of $238.22. According to the statement of proceedings and evidence, at this point appellee "introduced into evidence" a handwritten copy of a repair estimate, to which appellant objected on the ground that it was a mere estimate and not a paid bill. The objection was overruled. Appellee also offered photostatic copies of a sworn proof of loss and a release executed in its favor by Mr. Menges. Appellant then objected to all three of these exhibits on the grounds that they were not properly authenticated and that they did not "comply with the best evidence rule in that no foundation had been properly laid for the admissions of copies or photostatic copies of the individual documents." This objection was overruled and the exhibits accepted.

We shall treat the photostats of the proof of loss and the release initially. Appellant correctly points out that there was no evidence to show what had become of the originals and argues that without such preliminary evidence the documents were inadmissible. Appellee's position is that they were properly received by virtue of the Federal Shop Book Rule as records kept in the regular course of business.[6] We would

---

1. It seems to be conceded that the proper measure of damages in this case was the fair and reasonable cost of the necessary repairs.

2. Wright v. Capital Transit Co., D.C.Mun. App.1943, 35 A.2d 183.

3. Hemminger v. Scott, D.C.Mun.App.1955, 111 A.2d 619.

4. Wright v. Capital Transit Co., supra, n. 2; Hemminger v. Scott, supra, n. 3.

5. Trinity Universal Insurance Co. v. Moore, D.C.Mun.App.1957, 134 A.2d 333.

6. 28 U.S.C.A. § 1732: "(a) In any court of the United States and in any court established by Act of Congress, any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence, or event, shall be admissible as evidence of such act, transaction, occurrence, or event, if made in regular course of any business, and if it was the regular course of such business to make such memorandum or record at the time of such act, transaction, occurrence, or event or within a reasonable time thereafter.

agree with this contention, since on their face these documents appear to comply with the rule, but for the fact that so far as we are able to determine, there was no actual evidence at the trial identifying the records as such. However, we do not regard these defects as serious here, because these exhibits were mainly used to show appellee's right of subrogation and this fact was proved by the testimony of Mr. Menges.[7]

■ The acceptance into evidence of the handwritten copy of the repair estimate presents a more serious question. Appellant challenges it on the ground that it was not properly authenticated and that it did not comply with the best evidence rule. We must agree that technically both contentions are correct. However, the record before us indicates that the only objection made at the time the copy of the estimate was introduced was simply that it was not a paid bill. Apparently the other objections were not raised until all the evidence had been offered. "It is within the discretion of the trial court to allow testimony, which is not the best evidence, to stand, where opportunity to object has existed but is not exercised until after the testimony is given."[8] In view of the tardy objection we cannot rule that its admission was an abuse of the trial court's wide discretion in these matters. Nevertheless, as the Supreme Court has said, in a comparable situation,

> " * * * it may be conceded that a very large amount of discretion must be reposed in the trial court to whom such copy of a record is presented, in ruling upon the circumstances which shall determine its admission or rejection; and it is possible that, if there were no other objection to the proceedings at the trial than this one, this court would not reverse the judgment on that account, but it is certainly not good practice, nor an exercise of the discretion of the court to be commended."[9]

Affirmed.

"All other circumstances of the making of such writing or record, including lack of personal knowledge by the entrant or maker, may be shown to affect its weight, but such circumstances shall not affect its admissibility.

"The term 'business,' as used in this section, includes business, profession, occupation, and calling of every kind.

"(b) If any business, institution, member of a profession or calling, * * * in the regular course of business or activity has kept or recorded any memorandum, writing, entry, print, representation or combination thereof, of any act, transaction, occurrence, or event, and in the regular course of business has caused any or all of the same to be recorded, copied, or reproduced by any photographic, photostatic, microfilm, microcard, miniature photographic, or other process which ac-

curately reproduces or forms a durable medium for so reproducing the original, the original may be destroyed in the regular course of business unless held in a custodial or fiduciary capacity or unless its preservation is required by law. Such reproduction, *when satisfactorily identified*, is as admissible in evidence as the original itself in any judicial or administrative proceeding whether the original is in existence or not * .* *." (Emphasis supplied.)

7. Trinity Universal Insurance Co. v. Moore, supra, n. 5.

8. Chicago & N. W. Ry. Co. v. Green, 8 Cir., 1947, 164 F.2d 55, 63.

9. Probst v. Trustees of Board of Domestic Missions, etc., 1889, 129 U.S. 182, 9 S.Ct. 263, 263–264, 32 L.Ed. 642.