Hilton SOLOMON, Appellant,

v.

James EASTERLY, Appellee.

No. 2535.

Municipal Court of Appeals for the District of Columbia.

Argued March 7, 1960.

Decided May 5, 1960.

Foster Wood, Washington, D. C., for appellant.

Julius W. Robertson, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

Easterly loaned his automobile to Solomon who is alleged to have operated it in a negligent manner striking the automobile of one John Wright. Easterly instituted suit to recover for the damage caused to his automobile, and also for $150 which he alleges to have paid Wright on the latter's "claim" that his automobile was damaged in the collision. Easterly testified that he was forced to pay Wright's claim as he did not carry liability insurance and either had to pay for the repairs to Wright's vehicle or lose his operating privileges.

At trial Solomon did not appear, but was represented by an attorney. After a trial finding for Easterly, Solomon moved for a new trial and in the supporting affidavit it was stated that he had been in the dispensary at Fort Myer, Virginia, on the day of the trial and unable to attend. It was further stated that Wright had told Solomon that his automobile had sustained no damage in the collision; and that Solomon purchased parts needed for the repair of Easterly's automobile and had the work done by one Boswell, who was now with the Army overseas and unavailable to testify. The affidavit was accompanied by Solomon's military health records from the Fort Myer dispensary indicating that a visit had been made on the day of the trial, although the time was not specified. The motion for a new trial was denied and judgment for Easterly entered in the amount of $452.45.

We recite the foregoing facts and wish to return to them shortly. We next address ourselves, however, to the proof of damages in which we find the defects calling for a reversal.

The statement of proceedings and evidence included in the record states that "plaintiff offered as evidence two estimates of the cost of repairing his car and that of John Wright." The two estimates are also contained in the record; they are both addressed to Easterly, and were made at different garages. One is specifically made on a 1955 Mercury, which Easterly alleged in his complaint to be the automobile he loaned to Solomon. The other does not purport to be an estimate on any particular make or model of automobile, and while addressed to Easterly it has Wright's name penciled above the name of the firm making the estimate. We can only conclude from the statement of proceedings and evidence that the court accepted these estimates as having been made on two different automobiles. Yet a comparison of the two shows that each lists the hood and front molding, and the left and right front fenders and molding, as the main parts needing replacement or repair. Since Easterly alleged that Wright's vehicle was struck in the rear, it appears that what was introduced as estimates on the two different vehicles are actually two estimates made on the same automobile, that of Easterly.

Wright was not called to testify. If our view of the estimates is correct, there is nothing to support the award of damages to compensate Easterly for what he paid

Wright except the statement of Easterly that he had to pay this claim in order to retain his permit. He did not testify that he ever saw Wright's automobile; only that Wright claimed it had been damaged and that he settled for $150.

Beginning with Wright v. Capital Transit Co., D.C.Mun.App., 35 A.2d 183, we have held that where a vehicle may be restored substantially to its condition prior to the accident the measure of damages is the fair and reasonable cost of the necessary repairs. We have also said that the plaintiff has the burden of proving the causal connection between the injury and the necessity for the repairs, and the reasonableness of the cost; the failure to introduce any evidence on the issue precludes recovery on the claim.[1] A prima facie showing of damages is made by an itemized bill or estimate, or a witness who has seen and who can testify to the extent of the damages. But in the absence of these, an award cannot be justified by settlement of what may well have been a spurious claim in order to retain operating privileges.

Reducing the judgment by the amount erroneously awarded Easterly would not resolve the issue of damages. A mechanic testifying for Easterly stated that the estimates were fair and reasonable. Presumably this witness correlated work to be done with prices to be charged and was therefore aware that the estimates were for one vehicle. What he intended to represent as being fair and reasonable may have included the spread in the estimates as an allowance for contingencies. Reducing the judgment by the amount of Wright's claim would still leave an award in excess of the higher estimate and consequently above that represented by the witness to be fair

and reasonable for the repairs to Easterly's automobile. There is, in short, no calculable basis by which damages were determined in this case; we are forced to reverse what is apparently an arbitrary award.

Inasmuch as further proceedings are required in this case we deem it pertinent to make a further observation concerning the facts previously set forth. The rule in this jurisdiction is that a bailor who alleges and proves the fact of bailment and the return of the chattel in a damaged condition makes out a prima facie case of negligence on the part of the bailee. The bailee has cast upon him the burden of proceeding; that is, the burden of going forward and presenting sufficient evidence to rebut the effect of the presumption or inference made out by the prima facie case.[2] Since Solomon did not appear or present any evidence, he did not sustain the burden placed upon him. The court was allowed to make a finding of negligence on his part, which it apparently did. The case would seem, therefore, to be remanded for a determination of damages only.

But we think that justice demands there be a trial de novo of this cause. In his answer Solomon, though admitting the bailment, alleged the accident was caused by the negligence of Wright; and as before pointed out his affidavit states that Easterly's automobile already had been repaired by him and that Wright had disclaimed that he had suffered any damage. Since all the parties, especially Wright, would have to testify in order to establish damages we feel the issue of negligence should be retried in view of the serious disparity between the contentions of the parties.

1. Brooks v. Capital Fleets, Inc., D.C.Mun. App., 123 A.2d 916; Hemminger v. Scott, D.C.Mun.App., 111 A.2d 619.

2. Commercial Molasses Corp. v. New York Tank Barge Corp., 314 U.S. 104, 62 S.Ct.

156, 86 L.Ed. 89; Sims v. Roy, 42 App. D.C. 496; Shea v. Fridley, D.C.Mun.App., 123 A.2d 358; Smith's Transfer and Storage Co. v. Murphy, D.C.Mun.App., 115 A.2d 300; Columbia Operating Corp. v. Kettler, D.C.Mun.App., 67 A.2d 267.

In effect we cannot say that Solomon's claim of having been in the dispensary on the day of the trial, which is disputed by Easterly, is so plainly a sham as to foreclose his right for a new trial and the opportunity to present in rebuttal any evidence he may have. That he was in the dispensary is at least as credible as some of the evidence enumerated above which we would have been required to accept in order to affirm this case.

Reversed with instructions to grant a new trial.