**Irwin W. BREWER, Appellant,**

**v.**

**Donald DRAIN and State Farm Mutual Automobile Insurance Company, a corporation, Appellees.**

**No. 3201.**

District of Columbia Court of Appeals.

Submitted May 6, 1963.

Decided June 19, 1963.

Rehearing Denied July 10, 1963.

T. Emmett McKenzie, Washington, D. C., for appellant.

John F. Gionfriddo, Charles C. Collins, Robert E. Anderson and William R. Voltz, Washington, D. C., for appellees.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

This was a suit for damages resulting from an automobile collision. A finding and judgment were entered for plaintiffs and this appeal followed. Appellant contends that there was insufficient evidence to show (1) a causal connection between the injury and the necessity for the repairs made, and (2) the reasonableness of the cost of the repairs.

In this jurisdiction the governing principles are well settled. Where damages to an automobile are such that they may be repaired reasonably, restoring the vehicle to substantially its condition prior to the injury, the measure of damages is the fair and reasonable cost of the necessary repairs. Wright v. Capital Transit Co., D.C.Mun.App., 35 A.2d 183 (1943).

**534**

The plaintiff has the burden of introducing evidence to establish a prima facie case. Hemminger v. Scott, D.C.Mun.App., 111 A.2d 619 (1955). Either an itemized receipted bill, or an itemized estimate coupled with testimony as to payment, plus, in either case, testimony that the repairs were necessitated by the collision is sufficient evidence to constitute a prima facie showing provided there is no evidence of a suspicious nature surrounding the transaction. Hemminger v. Scott, supra; Wright v. Capital Transit Co., supra. The defendant then has the burden of coming forward with any evidence he may have to mitigate or abate the damages. Brooks v. Capital Fleets, D.C.Mun.App., 123 A.2d 916 (1956); Hemminger v. Scott, supra.

In this case the record is most unsatisfactory. The statement of proceedings and evidence agreed to by appellant's counsel gives no indication of any objection at the time the copies of the itemized estimates were introduced into evidence. Apparently, appellant's objection that the estimates were not the best evidence in the case did not occur until his motion for a new trial. In almost identical circumstances we have held that such tardy objection does not constitute reversible error. Cade v. Great American Insurance Company, D.C.Mun. App., 142 A.2d 151 (1958).

■ The statement of proceedings and evidence also contains the following statements:

"* * * They [appellee Drain and the owner of a third vehicle also damaged] testified that the repairs to their vehicles as necessitated by this collision were actually made and they identified and put in evidence written estimates of the said repairs. They testified further that the corporate plaintiff issued its drafts in the stated amounts payable to the owners and the repairing garages and said drafts were endorsed over to the garages by the owners in payment for the repairs."

We hold that such evidence satisfied the requirements of a prima facie case of damages.

■ While appellant also claims that the repair of appellee Drain's car at a place approximately fifty miles from Washington was unreasonable and suspicious, the record reveals that appellee Drain lived near the area where the repairs were made. Under such circumstances it does not follow, automatically, that the repairs were either exaggerated or falsified. Rather, it seems reasonable to presume that the charges might have been lower than those in Washington. Moreover, the record is completely devoid of any evidence in mitigation or abatement of damages. The police officers who investigated the accident were not present at trial, and appellant, a police officer experienced in accident investigation, offered no testimony as to the unreasonableness of the claims presented.

We find no error.

Affirmed.