ACE FREIGHT FORWARDING COMPANY,
Inc., Appellant,

v.

The BALTIMORE AND OHIO RAILROAD
COMPANY, Appellee.

The BALTIMORE AND OHIO RAILROAD
COMPANY, Appellant,

v.

ACE FREIGHT FORWARDING COMPANY,
Inc., Appellee.

Nos. 3437–3438.

District of Columbia Court of Appeals.

Argued April 6, 1964.

Decided July 17, 1964.

---

Milton M. Burke, Washington, D. C., for Ace Freight Forwarding Co., Inc.

Laidler B. Mackall, Washington, D. C., for The Baltimore and Ohio Railroad Company. John R. Stafford, Washington, D. C., also entered an appearance for The Baltimore and Ohio Railroad Company.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge:

On December 13, 1961, Ace Freight Forwarding Company, Inc., filed suit against The Baltimore and Ohio Railroad Company to recover for seven shipments of used household goods allegedly lost or damaged by the carrier in transit. When B. & O. took no steps to defend for over thirty days, Ace obtained, on January 18, 1962, a judgment by default for $1,109.76, the full amount claimed as damages. About thirteen months later, on March 18, 1963, B. & O. moved to vacate the default judgment and filed a verified answer embodying a

defense, as required by GS Rule 39, Section C(c), alleging that Ace failed to file a timely notice of loss in compliance with statutory requirements [1] and that its claim "was *not* 'for a sum certain or for a sum which by computation may be made certain'"[2] but was a suit for unliquidated damages for which the Clerk of the court was not authorized by rule to enter default judgment. It also asserted that, as it had a legal defense to the suit, entry of default judgment against it was illegal as the Interstate Commerce Act prohibits a carrier from waiving a valid defense.[3]

The motion to vacate was granted. After trial on the merits, when the only witness was Ace's president, the trial judge (without a jury) ruled that there had been substantial compliance with the statutory notice requirement but that Ace had failed to offer competent proof of damages. Judgment was accordingly entered for B. & O. An appeal by Ace (No. 3437) ensued; B. & O. filed a cross-appeal (No. 3438) from the ruling that there had been substantial compliance with the statutory requirement covering the time within which a claim for loss should be filed.

### No. 3437

Ace contends that the trial judge committed error in vacating the default judgment and in finding that there was no competent proof of damages.

█ By its complaint, Ace sought $1,109.76 for "damages and losses," which figure was neither certain nor easily ascertainable by arithmetic calculation. Competent proof was required to establish the reasonable value of used household goods allegedly lost or of the reasonable cost of necessary repairs of those goods purportedly damaged in shipment. Therefore, as failure by the defendant B. & O. to respond after personal service admitted Ace's right

---

1. 49 U.S.C.A. § 20(11); § 2(b) of the Uniform Bill of Lading.

2. GS Rule 39, Section A(a), (b).

3. 49 U.S.C.A. § 3(1).

to recover, but not the amount of damages,[4] the case should have been referred, after default as to liability, for the purpose of taking *ex parte* proof of the damages. Instead, the Clerk entered judgment for damages for $1,109.76, which, being a "clerical error," was properly subject to correction at any time under GS Rule 60(a) by the court on its own initiative or by motion of any party. Upon motion by B. & O., the trial court set aside the default judgment in its entirety. Although not in exact compliance with the rule, this error was not prejudicial to Ace and does not require reversal for a new trial under the circumstances because the trial judge ruled in its favor on the substantive question of timely notice of loss and held against it only on the question of damages.

We agree with the trial judge that no competent evidence was introduced to prove the damages claimed. No witnesses were produced who had actual knowledge, through personal inspection and examination, of the condition of the household goods at the time of their receipt by the carrier and upon their arrival at their destination. Ace's president, the only witness, attempted to establish the losses claimed by inventories of the damaged items received from an independent company on the West Coast and by the amount of money paid by Ace to the owners of these goods on their claims against Ace. On cross-examination he admitted that no person in his company had personal knowledge of the inventories compiled by the West Coast company. These records were not admissible under the Federal Shop Book Rule, 28 U.S.C.A. § 1732. The Supreme Court has limited the admission of records under this Rule to those which are trustworthy because they represent routine reflections of day-to-day operations. It was not intended to open wide the door to avoidance of cross-examination. The test of admissibility must be the character of the records

and their earmarks of reliability acquired from their source and origin and the nature of their compilation. Palmer v. Hoffman, 318 U.S. 109, 114, 63 S.Ct. 477, 87 L.Ed. 645. The inventories here were not business entries; they were not compiled by some officer or employee of Ace in the course of his regular employment; nor were they prepared by an entrant who had personal knowledge of the value of and damage to the goods.[5] Testimony developed from these reports would be based upon hearsay as they clearly do not meet the tests of admissibility under any exception to the hearsay rule. The fact that the inventories were in Ace's files or that Ace had accepted their contents as showing the correct amounts to be paid to the owners of the goods did not make them properly admissible as competent proof of alleged damages to or losses of the goods arising after delivery to B. & O. for which the carrier could be held liable in this action.

Ace further urges that the rule announced in Wright v. Capital Transit Co., D.C.Mun.App., 35 A.2d 183, supports its right to recovery on the evidence submitted. That case involved damages to an automobile from a collision. We have stated, in respect to proof of automobile damages, that "[e]ither an itemized receipted bill, or an itemized estimate coupled with testimony as to payment, plus, in either case, testimony that the repairs were necessitated by the collision is sufficient evidence to constitute a prima facie showing provided there is no evidence of a suspicious nature surrounding the transaction." Brewer v. Drain, D.C.App., 192 A.2d 532, 534; Hemminger v. Scott, D.C.Mun.App., 111 A.2d 619. In the present case, this rule would be inapplicable, for the inventories in no way show the extent of the loss attributable to some act of negligence or omission of care by the common carrier during the period that the goods were in its custody and control or provide a basis for

4. Anderson v. Gallman, D.C.Mun.App., 99 A.2d 560.

5. New York Life Ins. Co. v. Taylor, 79 U.S.App.D.C. 66, 75, 147 F.2d 297, 306.

determining their value at the time of delivery by the shipper to the carrier or at the time of receipt thereof at their point of destination on the West Coast.

### No. 3438

 Because of the favorable decision B. & O. received ultimately from the trial court that Ace had failed to offer competent proof of damages, which we affirm, we do not consider it necessary to the final disposition of this case to reach and consider the question of statutory notice. The cross-appeal will be dismissed, without prejudice.

No. 3437: Affirmed;

No. 3438: Dismissed, without prejudice.