**William LEVINE, t/a Levine Cabinet Shop, Appellant,**

v.

**J. MAHLER'S PILGRIM HOUSE FURNI- TURE, INC., Appellee.**

**No. 4910.**

District of Columbia Court of Appeals.

Submitted Jan. 26, 1970.

Decided April 7, 1970.

---

**148**

———◆———

Bernard D. Lipton, Washington, D. C., for appellant.

Allen M. Mesirow, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and KERN and NEBEKER, Associate Judges.

HOOD, Chief Judge.

Appellant contracted to do certain work relating to the racks and partitions in appellee's store for a total price of $370.00, and received $185.00 as a deposit. The work was begun but was not finished by the completion date named in the contract. After much discussion appellant agreed to complete the work by a specified date or return the deposit. He did neither, and appellee hired another contractor to complete the job. Appellee paid the second contractor $658.61, and in this action was awarded judgment against appellant for $473.61, representing the difference between the amount paid the second contractor and the amount for which appellant had agreed to do the work, plus the $185.00 deposit received and not returned by appellant.

The second contractor was not a witness at trial but his bill, purporting to show his work and the price charged therefor, was admitted in evidence over appellant's objection. Appellant claims this was error and we agree.

In admitting the bill, the trial court relied on our decision in Wright v. Capital Transit Company, D.C.Mun.App., 35 A.2d 183 (1943). In that case, one for damages to an automobile, we held that a "paid bill, supported by the testimony that it was for repairs necessitated by the collision, was sufficient prima facie evidence of the amount of damage", so long as "no circumstances of suspicious character appear." 35 A.2d at 185.[1]

 In the present case there were at least two factors raising a suspicion concerning the contractor's bill. First, there was no similarity between the labor and material specified in appellant's contract and the labor and material recited in the contractor's bill. From mere observation of the two papers, it would be impossible to conclude that they related to the same job. Despite the testimony of appellee that the work done by the contractor was the same

1. *See also* Brewer v. Drain, D.C.App., 192 A.2d 532 (1963); Solomon v. Easterly, D.C.Mun.App., 160 A.2d 621 (1960); Cade v. Great American Insurance Co., D.C.Mun.App., 142 A.2d 151 (1958); Hemminger v. Scott, D.C.Mun.App., 111 A.2d 619 (1955).

as that contracted to be done by appellant, we think appellant was entitled to question the contractor regarding the work for which the bill was submitted.

Second, although appellant was to be paid only $370.00 for his work, the contractor's bill, purportedly for the same work, was for $658.61. Again we think appellant was entitled to question the contractor regarding the reasonableness of his bill.

■ It may be that there are entirely satisfactory answers to the questions raised, but appellant was entitled to ask the questions and have them answered. It was error to admit the bill without the testimony of the contractor who submitted the bill.

Reversed with instructions to grant a new trial.