LUMBERMENS MUTUAL CASUALTY
COMPANY, Appellant,

v.

William HOLMES, Appellee.

No. 81–1164.

District of Columbia Court of Appeals.

Submitted May 25, 1983.

Decided Oct. 20, 1983.

Mary T. Porter, Washington, D.C., for appellant.

Richard L. Fields, Washington, D.C., entered an appearance for appellee.

Before FERREN and TERRY, Associate Judges, and REILLY, Chief Judge, Retired.

PER CURIAM:

This is an appeal from a post-trial order denying a motion for a new trial or reconsideration of an order entered at the end of plaintiff's case. The latter was an order granting defendant's motion to dismiss after plaintiff, suing as subrogee of the lessee of an automobile allegedly damaged by negligence, had rested its case in a jury waived trial. Although the parties had stipulated that the plaintiff (appellant here), Lumbermens Mutual Casualty Company, was the insurer of the company, Compugraphic Corporation, which operated the damaged vehicle, the court noted that the only evidence offered to support a right to subrogation was a payment to the insured, made not by Lumbermens, but by Kemper Insurance Company.

Appellant's position was that this was immaterial, as an insurance adjuster had testified that Kemper and Lumbermens were "one and the same," Lumbermens being "their preferred car standard risk insurance company" and that he had worked for both entities. The trial court ruled, however, that appellant had made no showing that it was a subsidiary of Kemper, having previously remarked that the witness who had testified to that effect was "just an insurance adjuster [who] does not know the corporate setup." In other words, the court decided that the witness was not competent to testify on the issue of corporate affiliation.

Appellant's brief (appellee filed none) challenges this ruling. Seeking judicial authority on this point, we issued an order on July 6, 1983, inviting the appellee to submit a brief within 30 days citing authorities pertinent to this issue. Appellee did not respond.

■ In our opinion, the fact that the witness was an employee, rather than a corporate officer, did not disqualify him from testifying. His status goes rather to the weight to be accorded his testimony, not its competence, for he could be cross-examined on the source of his knowledge.

■ As indicated in our prior order, we are of the view that a document, marked for identification as Exhibit 2, should have been admitted to show that Kemper Insurance Company had paid Compugraphic the sum of $1,807.75 for the cost of repairing the car leased by the insured and damaged by the collision with appellee's car. The trial court had excluded this document on the ground that it was not a check or a copy of a check which would have been the best evidence of payment. While the court's holding that the document was not a check was obviously correct, we regard it as admissible as a *prima facie* showing of payment in the light of *Brewer v. Drain,* 192 A.2d 532, 534 (D.C.1963) and *Cade v. Great American Insurance Company,* 142 A.2d 151 (D.C.1958). Accordingly, we have concluded that the case should be remanded for a new trial.

*Reversed and Remanded.*