## METROPOLITAN CASUALTY INS. CO. OF NEW YORK v. HOAGE, Deputy Commissioner, et al.

### No. 5954.

United States Court of Appeals for the District of Columbia.

Argued Feb. 9, 1934.

Decided June 25, 1934.

Austin F. Canfield, of Washington, D. C., for appellant.

Richard A. Harman, Leslie C. Garnett, U. S. Atty., and John J. Wilson, Asst. U. S. Atty., all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

PER CURIAM.

This case originated under the Compensation Law of the District of Columbia D. C. Code 1929, T. 19, §§ 11, 12; (Longshoremen's and Harbor Workers' Compensation Act [33 USCA § 901 et seq.]). Luella Brown (appellee) is the widow of Raymond E. Brown, who in April, 1932, was killed while engaged in washing windows in a certain building in the city of Washington. Appellant, Metropolitan Casualty Company, was at the time the insurer, under the act, of Atlas Service Company.

In May, 1932, Luella Brown filed her claim for compensation. The deputy commissioner held a hearing and made a finding, and entered an award against Metropolitan Company and Atlas Company. Appellant then filed [1] a bill in the Supreme Court of the District of Columbia and obtained an injunction pendente lite, on the ground that the deceased was not an employee of Atlas Company, but

---

[1] Under section 21 (b) of the act (33 USCA § 921 (b)).

was an employee of Potomac Window Cleaning Company, a company whose insurance it did not carry. The lower court granted a trial de novo, and at the conclusion of the trial made certain findings of fact and filed certain conclusions of law, all of which are copied into the record.

■ There is no dispute as to the cause of Brown's death. The question before us is solely the fact of employment, and, as this fact is an essential condition precedent to the right to make the claim, the proceeding in the court below was, in our opinion, entirely proper. Crowell v. Benson, 285 U. S. 22, 62, 52 S. Ct. 285, 76 L. Ed. 598. The trial court found as a fact that from the month of October, preceding the action, to and including the date of death, Brown was an employee of the Atlas Company and not an employee of Potomac Company, and that at the time of his death Brown, while engaged in the work of his employer, sustained injuries, as a result of which he died.

■ Appellant insists that appellee Luella Brown has not established the fact of the relationship of master and servant, and that therefore the trial court was in error in dismissing the bill of complaint. The decision turns upon the answer to the query: Who had the power to control and direct Brown in the performance of the work he was doing at the time of his death? The lower court said the evidence warranted the finding that Brown was an employee of the Atlas Company, and that at the time of death it was the work of that company he was then engaged in. If the evidence fairly sustains this finding, we are not disposed to disturb it, for, while it is probably true, we are not bound by the findings of the lower court on the facts to the same extent as in a common-law case,

we have, nevertheless, said time and again that, unless the findings are clearly wrong, we should follow them.

■ In the case now under consideration, the evidence is conflicting, and it is conflicting because the two companies we have referred to had an interrelationship which made it difficult at times to determine whether the work in which they were engaged was being done by the one or the other. But in the present case the evidence shows that appellant, as the insurance carrier of the Atlas Company, had paid compensation to Brown for a broken ankle sustained while in the employ of the Atlas Company in the previous January, and, more than that, shows that Brown was on the pay roll of the Atlas Company, and only on that pay roll at all times during which the policy was in existence, including the time up to his death. Mrs. Daly, the proprietress of the Atlas Company, testified that she sent Brown out on the job on which he was working at the time of his death, and Bryant, the proprietor of the Potomac Company, testified that Brown was never in his employ, and that he had never directed his work. The evidence in contradiction is far from satisfactory, and depends much upon inferences and facts not at all germane to the question in issue.

The judge of the lower court heard the witnesses testify. He had the opportunity of judging their credibility, and in such circumstances there is every presumption in favor of the correctness of his decision.

The other errors assigned need not be noticed. Indeed, they are not seriously argued in the brief. On the whole case, the judgment of the court below was right, and should be, and is, affirmed.

Affirmed.