**JImmIe L. BARKER, Appellant,**

v.

**Daniel A. NEW, Appellee.**

No. 1531.

Municipal Court of Appeals for the District of Columbia.

Argued Aug. 23, 1954.

Decided Sept. 22, 1954.

Rehearing Denied Oct. 11, 1954.

James F. Sharkey, Washington, D. C., for appellant.

Calvin H. Cobb, Jr., Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellant parked his automobile near his place of residence in Arlington, Va., and it was damaged when struck by another vehicle some time during the night of January 7, 1952. Investigation led appellant to believe that it was appellee's automobile that had caused the damage and that it was being driven at the time by one Callahan. Suit to recover his damages was then filed against both the owner and the driver. Service of process could not be had on Callahan, an enlisted man in the Armed Forces, as he had apparently left the jurisdiction and was being carried in desertion status by his military organization. The trial re-

sulted in a finding and judgment for the appellee.

■ Several errors are assigned as the basis of this appeal. The first has to do with the refusal of the trial judge to admit into evidence portions of a deposition taken from appellee. The judge ruled that as he was present at the trial, it would be improper to admit his deposition into evidence except for impeachment purposes. This ruling was clearly contrary to Municipal Court rule 26(d) (2) [1] which states: "The deposition of a party * * * may be used by an adverse party *for any purpose.*" (Emphasis supplied.) Moreover, the authorities [2] uniformly agree that this language authorizes the introduction of a party's deposition as independent or original evidence even though that party is present at trial. Appellee contends that the failure to admit this deposition was harmless error as he was available to testify to the same matters when he took the witness stand. But a reading of the deposition reveals several important admissions made by appellee, which admissions were not repeated at the trial. The refusal to admit into evidence a deposition containing such material statements was clearly prejudicial, and sufficient grounds for reversal.

■ The second assignment is that the court erred in refusing to admit into evidence a copy of a written statement made by Callahan, the alleged driver of the car. While such a statement is undoubtedly hearsay, we feel that it comes within one of the exceptions to that rule and should have been admitted. The statement showed that Callahan was intoxicated to such an extent on the night in question as to be incapable of properly driving an automobile. Such a statement by Callahan was clearly an admission against his pecuniary interests as it would render him liable for any damages he might have caused while driving in such a condition. As an admission against interest, this statement would be admissible under that well settled exception to the hearsay rule. It is true that at one time a hearsay statement containing an admission against interest was admissible only if the declarant was deceased. But the exception has been gradually broadened to include statements of those who are inaccessible.[3] Certainly Callahan, who was classified as an alleged deserter from his military unit, falls within the category of those who are inaccessible.

■ Lastly, appellant contends that the trial court erred in refusing to hear testimony as to the purchase price of his car, its mileage and previous repairs. Appellant attempted to give such testimony because he had traded in his damaged car on a new one before incurring any expense for repairs to his old car. As this case must be sent back for a new trial, we think it would be a better procedure for appellant to prove his damages by showing the difference in the value of his car before and after it was damaged. While the reasonable cost of necessary repairs is a valid measure of damages in cases of this type,[4] damages may also be proven by showing the difference in the fair market value of the car before and after the collision.[5]

Reversed with instructions to award a new trial.

---

1. This rule is substantially the same as rule 26(d) (2) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

2. 4 Moore's Federal Practice, 2d Ed., § 26.29; 7 Cyclopedia of Federal Procedure, 3d Ed., § 25.118; 2 Barron & Holtzoff, Federal Practice and Procedure, § 654.

3. Pennsylvania R. Co. v. Rochinski, 81 U.S. App.D.C. 320, 158 F.2d 325; Syracuse Engineering Co. v. Haight, 2 Cir., 97 F.2d 573; 5 Wigmore on Evidence, 3d Ed., § 1455–1456.

4. Wright v. Capital Transit Co., D.C.Mun. App., 35 A.2d 183.

5. 5 Berry on Automobiles, 7th Ed., § 5.228.