GIANT FOOD STORES, INC., a corporation, Appellant,

v.

Louise BOWLING, Appellee.

No. 3455.

District of Columbia Court of Appeals.

Argued April 6, 1964.

Decided July 31, 1964.

1. Code 1961, 11–741 (Supp. III 1964).

William T. Clague, Washington, D. C., with whom William A. Mann, Washington, D. C., was on the brief, for appellant.

Charles B. Sullivan, Jr., Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

This appeal is from a judgment for personal injuries suffered by appellee when she slipped and fell at the entrance of one of appellant's stores. She claimed that her fall was due to an unusual and unnecessarily large accumulation of slush and water on the metal strip in the entranceway.

■ Appellant first contends that the evidence did not justify a finding of negligence on its part. We do not agree. A storekeeper is not an insurer of its customers but does owe them the duty of using reasonable care for their safety. The evidence here presented a question for the jury whether under the circumstances appellant had failed in that duty.

■ Appellant also contends that the trial court erroneously admitted in evidence medical bills incurred by appellee in the absence of testimony, other than hers, that those bills were reasonable and necessary. In Nunan v. Timberlake, 66 App. D.C. 150, 153, 85 F.2d 407, 410 (1936), it was said:

> "We think the better view is that in a suit in tort for personal injury the plaintiff makes a *prima facie* case by proving the professional services rendered and the amount of the bill paid or incurred."

Appellant argues that this rule applies to bills incurred immediately following the injury and that certain of the bills here covered services rendered a considerable length of time after the injury. We think the admission of the bills, in the absence of suspicious circumstances, was within the discretion of the trial court.

Affirmed.