**Roberta ALBANO and Vincent Albano, Jr., Appellants,**

**v.**

**Irene YEE, Appellee.**

**No. 3814.**

District of Columbia Court of Appeals.

Argued Feb. 1, 1966.

Decided May 12, 1966.

Jacob A. Stein, Washington, D. C., for appellants.

Laurence T. Scott, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

Mrs. Albano was dining at the China Inn Restaurant when a pot of scalding tea fell from a waitress' tray into her lap, burning her thigh and abdomen. She and her husband, appellants here, sued the restaurant owner, Irene Yee, for damages resulting from the negligence of the waitress. Mrs. Albano sought compensation for pain and

suffering and for medical expenses. Mr. Albano sought compensation for loss of consortium. A jury awarded $400 to her and $300 to him. They have appealed, claiming that the jury was erroneously instructed with respect to allowable damages.

At trial there was received in evidence the deposition of Dr. Frank Albano, a cousin of the male plaintiff, who had treated the female plaintiff after she had returned from Washington to her home in New Jersey. He testified concerning his treatment, and stated that his bill was: "for the house calls, twenty six, $400, and the office calls, fourteen was $125." However, it was agreed at trial that the doctor, because of his relationship, was not going to charge for his services.

The trial court instructed the jury that the collateral source doctrine did not apply to Dr. Albano's bill and that it should not be considered as an item of damages. Appellants claim this was error.

In Hudson v. Lazarus, 95 U.S.App.D.C. 16, 19, 217 F.2d 344, 347 (1954), it was held that plaintiff's damages should include the value of all reasonably necessary medical and hospital services furnished without charge by Bethesda Naval Hospital, and that it was error to limit recovery to the actual pecuniary loss. After stating the rationale of the collateral source principle, the court said:

> And when medical and hospital services have been rendered gratuitously, or paid for by a third person as a gift to the injured person, he has usually been allowed to recover their value from the wrongdoer.

■ It was error to exclude from the jury's consideration the bill of Dr. Albano. Appellee argues, however, that even if the services rendered by Dr. Albano came within the collateral source doctrine, there was no competent evidence of the reasonable value of these services. The record does not support this contention. The doctor testified as to the total amount of his bill, and how it was divided between house calls and office visits, and explained that his charges for house visits varied in amounts, depending upon whether "I have to do dressing or surgery, as I did in this case." He also explained what he was required to do when changing the dressing.

Appellee's complaint apparently is that the doctor, after describing his services and stating his charges, did not testify that his charges for the services were reasonable charges.[1] In Giant Food Stores, Inc. v. Bowling, D.C.App., 202 A.2d 783, we held it was proper to admit in evidence medical bills incurred by appellee in the absence of testimony, other than hers, that the bills were reasonable and necessary, citing Nunan v. Timberlake, 66 App.D.C. 150, 85 F.2d 407 (1936). Under the rule there stated the doctor's testimony here justified submission of the value of his services as an item of damages.

■ Although the complaint alleged that the wife, in addition to pain and suffering "has incurred and will in the future incur medical expenses," and alleged that the husband "makes claim for loss of consortium," the trial court instructed the jury, without objection, that the wife's claim was for pain and suffering and the husband's claim was for medical bills and loss of consortium. We assume that the jury followed the instructions and that the award to the wife was limited to damages for pain and suffering. Consequently there is no occasion for disturbing the judgment in her favor. Such judgment will be affirmed. The judgment in favor of the husband will be reversed for a new trial, restricted to the issue of the amount of his damages.

Judgment in favor of Roberta Albano affirmed.

Judgment in favor of Vincent Albano, Jr., reversed for new trial in accordance with this opinion.

1. We doubt that this doctor or any other professional man would admit that his charges were anything but reasonable.