**FIREMEN'S INSURANCE COMPANY OF WASHINGTON, D. C., a corporation, and Home Insurance Company of New York, a corporation, Appellants,**

v.

**HENRY FUEL COMPANY, Inc., and Barrington Henry, Appellees.**

No. 4082.

District of Columbia Court of Appeals.

Argued June 17, 1968.

Decided Aug. 8, 1968.

George H. Eggers, Silver Spring, Md., for appellants.

Frederick H. Evans, Washington, D. C., for appellees. William S. Thompson and James T. Wright, Washington, D. C., were on the brief for appellees.

Before HOOD, Chief Judge, and MYERS and KELLY, Associate Judges.

KELLY, Associate Judge.

Appellants, subrogees of one Franklin, protest a judgment in the trial court against them in their action for damages caused by fire allegedly resulting from the negligence of appellees' employee in filling a fuel tank in such manner that oil spilled on the floor of the furnace room, subsequently ignited, and damaged the premises and personal property therein. The court found that appellants failed to carry the burden of proof of causation.

Appellants claim it was error for the court to refuse to allow in evidence the deposition of the employee either for purposes of impeachment or as affirmative testimony. The employee was called as a witness for plaintiffs [appellants] at trial and at a time when it developed that the witness could not recall the events of March 4, 1963, the date of the fire, or his testimony given at his deposition on January 29, 1965, when his memory was considerably better, counsel claimed surprise and was allowed to treat the witness as hostile. The court did not admit the pertinent portions of the deposition in evidence, however, for the reasons that the witness was present to testify; that the witness had, with the use of the deposition, been cross-examined as hostile, and that the testimony was already of record.

■ GS Civil Rule 26(d) (2) permits the deposition of a party to be admitted for any purpose, and this includes its introduction as independent or original evidence.[1] GS Civil Rule 26(d) (1) limits the use of a witness' deposition to purposes of impeachment or contradiction.[2] When so used, a witness confronted by his prior inconsistent statement will generally admit that he gave the answer and will attempt to explain away the inconsistency. The testimony is then of record and the deposition need not be formally offered in evidence. However, when the witness denies giving the answer, or does not remember doing so and his recollection is not refreshed upon a reading of the questions and his answers, the deposition should be offered and received as evidence that the statements were made, again only to affect credibility and not as affirm-

ative evidence.[3] Nevertheless, the failure to admit the deposition in this case does not constitute plain error. Not only did the trial judge consider the impeaching testimony as of record, but he also stated that

As I recall, he said he knew that there was oil on the floor and that he went into the basement that day. He took the stand under oath here and denied it. Why he would make a contrary statement at the time of the deposition, I don't know, but assuming that there was oil on the floor, and as the plaintiff alleges, that the driver knew that there was oil on the floor and did nothing about it and a fire occurred shortly after delivery of the oil, the question here, the most important question, is what caused this fire, and, frankly, we don't know from the testimony. We have no hesitancy in saying we would be left to guess and speculation as to the cause of this fire.

Thus appellants received all of the impeachment benefit of the deposition testimony, and more, for the court clearly gave it every affirmative consideration in making its decision. Under these circumstances we do not think appellants can now claim prejudicial error requiring a new trial.[4]

■ The trial judge weighed the credibility of the witnesses and ruled that on all of the testimony, together with all reasonable inferences to be drawn therefrom, appellants' proof did not preponderate on the issue of negligence. There is substantial support in the record for this ruling and the judgment is

Affirmed.

1. Barker v. New, D.C.Mun.App., 107 A.2d 779 (1954) ; cf. Community Counselling Service, Inc. v. Reilly, 317 F.2d 239 (4th Cir. 1963).

2. See D.C.Code 1967, § 14–102; Byrd v. United States, 119 U.S.App.D.C. 360, 342 F.2d 939 (1965); Bartley v. United States, 115 U.S.App.D.C. 316, 319 F.2d

717 (1963) ; Byrd v. District of Columbia, D.C.Mun.App., 43 A.2d 46 (1945).

3. An instruction to that effect would be necessary in a trial by jury.

4. Other errors claimed were considered and found to be without merit.