Jeremiah REESE, Appellant,

v.

Rosina CROSBY, Appellee.

No. 5714.

District of Columbia Court of Appeals.

Argued June 7, 1971.

Decided Aug. 16, 1971.

Edward F. Schiff, Washington, D. C., of the bar of the Commonwealth of Virginia, pro hac vice, by special leave of court, with whom Richard A. Behrens, Washington, D. C., was on the brief, for appellant.

Edwin C. Brown, Jr., Washington, D. C., for appellee.

Before HOOD, Chief Judge, KELLY, Associate Judge, and QUINN, Associate Judge, Retired.

PER CURIAM:

The trial court awarded appellee damages in the sum of $2,079.40 [1] as compensation for injuries resulting from an as-

1. Of this amount, $79.40 was for special damages and the remaining $2,000 for pain, suffering, anxiety and nervousness.

sault upon her by appellant which the court found to be intentional, malicious and without provocation. Three issues are presented for appellate review.

Appellant argues that the judgment is without evidentiary support, but our reading of the record convinces us to the contrary. The two parties were the only witnesses to testify at trial. There was a direct conflict in their testimony as to whether or not an assault had occurred and the trial judge was free to accept as credible either version of the facts. He chose to believe appellee's testimony that appellant, after threatening her in scurrilous language, struck her in the face. In a case tried without a jury this court may review both as to the facts and the law, but the judgment may not be set aside except for legal errors "unless it appears that the judgment is plainly wrong or without evidence to support it." D.C.Code 1967, § 17–305(a) (Supp. IV, 1971). As the trial court's findings in this case have substantial support in the evidence and are not clearly erroneous, the judgment must be sustained. *See* $3,265.28 in United States Currency v. District of Columbia, D.C. App., 249 A.2d 516 (1969).

Appellant also complains of the admission of appellee's medical bill in evidence as an exhibit over his objection that (1) it was a copy of a bill,[2] (2) the dates of treatment were not itemized, and (3) no doctor testified as to its authenticity. However, appellee testified that she had received medical treatment on four occasions for injuries resulting from the assault, and on cross-examination appellant's counsel elicited from her the dates of two of the occasions when she visited the doctor. Accordingly, since the bill corroborated appellee's testimony that her injuries from the assault required medical attention, which she sought, and for which she was indebted, its admission into evidence was not error. Giant Food Stores, Inc. v. Bowling, D.C.App., 202 A.2d 783 (1964).

Finally, appellant argues that the trial court's award of damages is excessive. However, even with the modest special damages shown [3] it cannot be said that the amount of appellee's recovery for an intentional, unprovoked and malicious assault is so monstrous as to be excessive as a matter of law, and while the award is generous, in our opinion it does find support in the evidence. Accordingly, the judgment of the trial court is

Affirmed.

---

2. There is in the record a xerox copy of the medical bill, presented at oral argument, but we cannot tell whether an original or a copy was introduced at trial and so do not discuss this claim of error.

3. Appellee made no specific request for compensation for loss of wages, but counsel for appellant did not object to the court's questions about time lost from work (1 day) and cannot now be heard to complain that the sum of $22.40 was erroneously awarded therefor as an item of special damages.