Mickey LEWIS, Appellant,

v.

James S. GARDINER, Appellee.

No. 6155.

District of Columbia Court of Appeals.

Argued July 11, 1972.

Decided Aug. 25, 1972.

Alan V. Roberson, Washington, D. C., for appellant.

John F. Burke, Bethesda, Md., for appellee.

Before REILLY, Chief Judge, and GALLAGHER and PAIR, Associate Judges.

PER CURIAM:

This is an appeal from a judgment of $250 in an action filed by the assignee of a claim against a bail bondsman. Appellant as a condition for posting bond to obtain the release of one David Clark, while awaiting trial on an armed robbery indictment, had received from Clark's mother a deed to real estate and the sum of $500 to be returned to her when the conditions of the bond were satisfied. She, in turn, assigned her right to such $500 to a lawyer—appellee herein—as consideration for his defending the son at trial. Appellant acknowledged the assignment by signing and returning a copy of a letter advising him of the arrangement.

Clark was subsequently convicted but after his conviction was affirmed, failed to surrender himself. Appellant, apparently being put to some trouble and expense in

locating and returning him to the custody of the sentencing court, refused to honor the assignment and the lawyer brought suit to recover the $500. In his answer appellant alleged that he had incurred expenses in the amount of $350 in locating Clark and that the balance was returned to the assignor.[1]

Five weeks after commencement of the action, appellant paid appellee $100 by check. The nature of the agreement incident to such payment was the subject of conflicting testimony when the case was eventually tried without a jury, appellee testifying that the parties had orally agreed to settle the case for $350, of which the $100 check was the first installment. Appellant denied ever entering into a settlement agreement and testified that the check was intended to be in full satisfaction of the assignment as he had expended $400 in locating Clark. The trial court found that the parties in fact entered into an accord on November 27, 1967 for $350, of which $100 was paid in partial satisfaction and $250 remained due. Judgment was then entered for the unpaid balance.

 Appellant argues that there was insufficient evidence to support the trial court's finding of an accord and satisfaction.[2] The record convinces us to the contrary. The two parties were the only witnesses to testify and there was a direct conflict between them, leaving the trial judge free to credit either's version of the facts. He chose to believe appellee's testimony, stating that appellant's credibility was "diminished" by the inconsistencies between his pleadings, answers on discovery and testimony. While this court may review both as to the facts and the law in a case tried without a jury, the judgment may not be set aside except for errors of law "un-

less it appears that the judgment is plainly wrong or without evidence to support it." D.C.Code 1967, § 17–305(a) (Supp. V, 1972). Since the finding of the trial court has substantial support in the evidence, its judgment must be sustained. *See* Reese v. Crosby, D.C.App., 280 A.2d 526 (1971).

 Appellant also argues that the original assignment to appellee was invalid, and that even if it was valid it was subject to a deduction for appellant's necessary expenses incurred in locating Clark. In view of the fact that the trial court found that the parties entered into an accord on the disputed amount subsequent to the time any such expenses were incurred, these contentions may not be relitigated here.

Affirmed.

1. Later, in his answers to plaintiff's interrogatories, he stated that his expenses were $400, and that nothing was returned to Mrs. Clark.

2. Appellant's counsel also contended on oral argument that the parties could not settle the case once suit had been brought, or that if they could, they had to file a praecipe with the trial court. Apparently he was referring to Super.Ct.Civ.Rule 68–I, but that procedure would not have been appropriate in this instance, much less mandatory, since appellant was contesting the case.