Robert David **LINDSAY**, Appellant,

v.

**DISTRICT OF COLUMBIA** ex rel. **Kimberley LINDSAY** and Ronnell Lindsay, Appellee.

No. 6420.

District of Columbia Court of Appeals.

Argued Oct. 10, 1972.

Decided Dec. 12, 1972.

Katherine M. Staley, Washington, D. C., for appellant.

Earl A. Gershenow, Asst. Corporation Counsel, with whom C. Francis Murphy, Corporation Counsel, and Richard W. Barton, Asst. Corporation Counsel, were on the brief, for appellee.

Before KELLY, GALLAGHER and HARRIS, Associate Judges.

KELLY, Associate Judge.

After a hearing upon two petitions to establish paternity and provide support brought by the District of Columbia in the Family Division of Superior Court on March 3, 1971, the trial judge found appellant to be the father of the minor children who were the subjects of the petitions and, after referral to a hearing officer, set the support payments at $20, bi-weekly, for both children. It is contended on appeal that the trial court erred in finding that appellant had contributed to the support of the children within one year prior to the filing of the petitions, a jurisdictional prerequisite under D.C.Code 1967, § 16–2342 (Supp. V, 1972), which reads:

> Proceedings over which the Division has jurisdiction under paragraphs (3) and (11) of section 11–1101 to establish paternity and provide for the support of a child born out of wedlock may be instituted after four months of pregnancy or within two years after the birth of the child, *or within one year after the putative father has ceased making con-*

*tributions for the support of the child.* The time during which the respondent is absent from the jurisdiction shall be excluded from the computation of the time within which a complaint may be filed. [Emphasis supplied.]

The record reveals that the minor children, 12 and 10 years of age respectively, were born out of wedlock and, while appellant did not admit nor deny paternity, counsel stipulated to a government proffer of the mother's testimony upon which the paternity finding was made. The critical question at trial was whether the statutory one-year limitation had run on the claims before the petitions were filed.

The mother testified that before and during 1970 appellant came to visit her regularly, and that over the years he had given her money as she needed it. However, her testimony respecting the specific one-year period in question (March 3, 1970 to March 3, 1971) was:

Q  During March and April of 1970, on what occasion, if any did Mr. Lindsay provide support for the children?

A  To be precise around the 20th of April he gave me $10.00 because I told him I was short of money and I wanted to go to the clinic that morning. [Tr. at 5.]

The government's case centers upon that question it put to the mother and her answer, coupled with the following question and answer on cross-examination:

Q  Actually it was for you and not for the support of the children?

A  He knows I never ask for myself. [Tr. at 7.]

The mother acknowledged that she had received no money from appellant after April 20, 1970.

Appellant denied he had given the mother any money since his marriage to another in August of 1968 or that he had visited her regularly since that time. His wife testified that no such payments could have been made by appellant because of their tight budget, of which she keeps a close record.

We are mindful, of course, that it is for the trial court to weigh the testimony of and assess the credibility of the witnesses, and rarely do we interfere with that function to set aside its judgment.[1] We think it clear, however, that the testimony in this case upon which the government relies, and upon which the judgment is based, fails to meet the substantial evidence standard necessary to support the finding of the trial court. D.C.Code 1967, § 17–305 (Supp. V, 1972).

In its entirety, the mother's testimony is equivocal and in some respects contradictory. Yet even if it is accepted that, for whatever purpose, appellant gave her money over the years as she needed it, her only recollection of a specific gift of a specific amount was that on April 20, 1970 he gave her $10 so that she could visit the clinic,[2] a visit apparently occasioned by a cardiac condition for which she had been earlier hospitalized. It is true that the question put to her by the government was couched in terms of child support, but her answer was not responsive to that issue and a contrary meaning cannot be ascribed to that answer by coupling it with an isolated, ambiguous statement that she never asks for herself. We hold, therefore, that the finding of the trial court that appellant contributed to the support of the children within one year prior to the filing of the peti-

1.  Reese v. Crosby, D.C.App., 280 A.2d 526 (1971) ; Cunningham v. Cunningham, D.C.Mun.App., 154 A.2d 124 (1959).

2.  She did recall that one time in February of 1970 appellant gave her some money for carfare and lunch. [Tr. at 9.]

tions is without substantial evidentiary support.[3] Thus the trial court was without jurisdiction to establish paternity and provide support.

Reversed.

3. D.C.Code 1967, § 17–305(a) (Supp. V, 1972); Ford Motor Co. v. Keating, D.C. App., 262 A.2d 600 (1970); $3,265.28 in U. S. Currency v. District of Columbia, D.C.App., 249 A.2d 516 (1969).