**James R. BIGGS and Phyllis M. Wilson, Appellants,**

**v.**

**Harvey Lee STEWART and Doris Leola Stewart, Appellees.**

**No. 8677.**

District of Columbia Court of Appeals.

Argued Oct. 8, 1975.

Decided June 28, 1976.

Robert Wm. Carney, Silver Spring, Md., appearing pro hac vice, with whom Edward C. Kennelly, Washington, D.C., was on the brief, for appellants.

Clement Theodore Cooper, Washington, D.C., for appellees.

Before HARRIS and MACK, Associate Judges, and McARDLE, Associate Judge, Superior Court of the District of Columbia.*

McARDLE, Associate Judge:

This appeal arises from a judgment granting appellees (plaintiffs) a permanent injunction, cancelling a promissory note and deed of trust which had been executed by them, and awarding them compensatory and punitive damages.[1]

Appellants assign five substantive errors to the trial court. First, the appellants claim that the trial court erred in admitting into evidence portions of a deposition of one of the defendants which had been taken prior to trial without the requisite showing that the witness was unavailable to testify. Second, they contend that the trial court erred in finding that the appellants were not holders in due course. Third, the appellants cite as error the finding of real defenses which would be valid against the appellants even if they were holders in due course. Fourth, it is argued that even if the appellants are not holders in due course, the trial court erred in its finding concerning the consequences of any personal defenses that the appellants may have. Finally, the appellants cite error in the assessment of damages against them by the trial court.

Appellees were the makers of a promissory note for $7,000.00 plus interest at six percent per annum, which note was secured by a third deed of trust on certain real property in the District of Columbia owned by them. The note named as payee Francis X. Gaegler, Jr. Subsequently, the note was negotiated to bearer, and, after passing through several hands, it was endorsed to appellants. Appellees duly made a number of monthly payments on the note to appellants but later stopped such payments. Appellants then began foreclosure proceedings on the deed of trust.

Appellees allege that the note was intended to secure $3,500.00 as a legal fee for Francis X. Gaegler, Jr., an attorney in the State of Maryland, for which fee Mr. Gaegler was to represent the male appellee in a criminal matter in Maryland.[2]

Appellees further allege that the note was usurious on its face in that the promissory note between appellees and Gaegler for the latter's fee was for only $3,500.00 while the note was for $7,000.00 plus interest; that the appellees were suffering from emotional, physical and mental strain

* Sitting by designation pursuant to D.C.Code 1973, § 11-707(a).

1. The trial court's order also entered default judgments against two defendants and dismissed the suit against two others. No appeal was taken from those rulings.

2. The trial court dismissed the action against Gaegler upon stipulation that he pay the sum of $500.00 to the appellees.

from the criminal proceedings as a result of which they were incapable of assenting to such an agreement; and that the appellants are not holders in due course.[3]

I

Appellants first contend that the trial court incorrectly admitted into evidence the deposition of one of the defendants without a showing by the party offering the deposition of the witness' unavailability to testify. In support of this contention, the appellants cite Super.Ct.Civ.R. 32(a)(3)(D), which provides, in part:

> The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds: . . . (D) that the party offering the deposition has been unable to procure the attendance of the witness by subpoena.

During the trial, appellees' counsel sought to read the deposition of Gaegler into evidence.[4] Appellants' counsel objected and asserted that the appellees should have subpoenaed the witness. In response to this objection, appellees' counsel stated that Gaegler was a defendant in these proceedings; and, therefore, he was not required to have a subpoena issued for him. The trial court overruled the appellants' objection, and the deposition was read into the record.

We are cognizant of the problems associated with the admission of depositions as substantive evidence, especially in a case such as this where the party in question is not present at trial. Had Gaegler been available to testify, appellants could have called him in an attempt to impeach his testimony given at the deposition.[5] Without his presence at trial, his testimony stands alone untouched by the rigors of cross-examination or the discerning eyes of the trier(s) of fact. As Judge Frank stated in *Arnstein v. Porter,* 154 F.2d 464 (2d Cir. 1946):

> As we have said, 'a deposition has always been, and still is, treated as a substitute, a secondbest, not to be used when the original is at hand' for it deprives 'of the advantage of having the witness before the jury'.[6]

The restrictions outlined in Super.Ct.Civ.R. 32(a)(3) provide safeguards against the dangers we have outlined.[7] Yet Gaegler's position at trial was not that of a mere witness or party to the suit. Rather, his position was adverse to that of the appellees, who offered his deposition into evidence.[8] Consequently, the admissibility of his deposition is governed by Super.Ct.Civ.R. 32(a)(2). The pertinent part of that rule provides:

> The deposition of a party . . . may be used by an adverse party for *any* purpose. (Emphasis added.)

According to this provision, Gaegler's deposition seems to be admissible.

But the disposition of this issue cannot end here. First we must decide whether

3. Additional contentions advanced by the appellees are not pertinent to this appeal.

4. Although Gaegler had been served with a copy of the complaint and had been deposed by appellees' counsel, he had not filed an answer nor was he present at the trial.

5. From our reading of the record, appellees offered Gaegler's deposition as evidence to show that appellants were put on notice concerning the defects in the notes thus barring their status as holders in due course.

6. 154 F.2d 464 at 470 quoting Judge Learned Hand in *Napier v. Bossard,* 102 F.2d 467 (2d Cir. 1939). *See also Untermeyer v. Freund,* 37 F. 342, 343 (C.C.N.Y.1889).

7. Additionally, Rule 32 requires that all parties be present at or be given notice of the taking of the deposition. In the case before us, appellants' counsel was not present at the taking of Gaegler's deposition. But he was given notice and, ultimately, waived his appearance.

8. Appellees' counsel did not request a dismissal of the suit against Gaegler until the close of all the evidence. Consequently, he was still an adverse party as to the appellees during the course of the trial.

the safeguards propounded in Super.Ct. Civ.R. 32(a)(3) govern the provision of Super.Ct.Civ.R. 32(a)(2). Put succinctly, does the former restrict or limit the latter?

In *Barker v. New*, D.C.Mun.App., 107 A.2d 779 (1954), the Municipal Court of Appeals for the District of Columbia held that the trial court erred in ruling that the defendant's deposition was inadmissible as evidence for other than impeachment purposes. Citing local rule 26(d)(2), the appeals court held that the deposition of a party may be used as independent or original evidence. The court noted that the local rule was substantially the same as rule 26(d)(2) of the Federal Rules of Civil Procedure and cited for authority interpretations of the Federal rule in Moore's Federal Practice, The Cyclopedia of Federal Practice, and Barron and Holtzoff, Federal Practice and Procedure.[9]

It should be noted that the situation in *Barker* is not analogous to the one presented here. Specifically, in *Barker* the party whose deposition was being offered was present at trial and had testified; while here, Gaegler was not present to testify. Thus, the dangers attributed to the admission of the deposition of an absent witness were not before the appeals court in the *Barker* case.

We have been unable to find a case, other than *Barker v. New, supra,* which has dealt with the use of a party's deposition when the party has failed to appear for trial or which has reviewed the provisions of Mun.Ct.Civ.R. 26(d)(2) or Super.Ct. Civ.R. 32(a)(2).[10] The cases in the federal system which have discussed the admissibility of a party's deposition under Fed.R.Civ.Pro. 26(d)(2) or 32(a)(2) have fact patterns similar to the one presented in *Barker;* that is, the witness was present at trial.[11]

Since our local rule is substantially the same as its counterpart in the Federal rules, we will, for the purpose of this discussion, look at the analysis of Fed.R.Civ. Pro. 26(d)(2) or 32(a)(2) for any enlightenment that analysis may be able to give us. In *Pursche v. Atlas Scraper and Engineering Co.*, 300 F.2d 467 (9th Cir.), *cert. denied,* 371 U.S. 911, 83 S.Ct. 251, 9 L.Ed. 2d 170 (1962), the Ninth Circuit appeals court held that the deposition of a party can be used by an adverse party as original evidence regardless of the presence or absence of the deponent at trial.[12] Further, Professor Moore in his treatise on federal practice has written that the use of a deposition by an adverse party is governed by Fed.R.Civ.Pro. 32(a)(2) without an initial finding by the trial court of one of the conditions specified in Rule 32(a)(3).[13] Likewise, Wright and Miller have stated that the use of a deposition of an adverse party is governed by Rule 32(a)(2) rather than 32(a)(3).[14]

As stated earlier, we are well aware of the problems inherent in the admission of depositions as substantive evi-

9. 107 A.2d 779 at 780, n. 1 and 2. Note 1 refers to Fed.R.Civ.Pro. 26(d)(2). Rule 26 (d) became Rule 32(a) when the United States Code was amended in 1970. Except for some minor changes, which are not pertinent to this discussion, the two rules are identical. Likewise, Mun.Ct.Civ.R. 26(d) is the forerunner to Super.Ct.Civ.R. 32(a), and the two are substantially the same.

10. *See* note 6, *supra.*

11. *See, e. g., Zimmerman v. Safeway Stores, Inc.*, 133 U.S.App.D.C. 342, 410 F.2d 1041 (1969); *Community Counselling Service, Inc. v. Reilly*, 317 F.2d 239 (4th Cir. 1963); *Pursche v. Atlas Scraper and Engineering Co.*, 300 F.2d 467 (9th Cir. 1962); *Merchants Motor Freight v. Downing*, 227 F.2d 247 (8th Cir. 1955); *Pfotzer v. Aqua Systems, Inc.*, 162 F.2d 779 (2d Cir. 1947); *Lassiter v. United States Lines, Inc.*, 370 F.Supp. 427 (E.D.Va.1973).

12. 300 F.2d 467 at 488.

13. 4A J. Moore, Federal Practice, ¶ 32.05 (2d ed. 1974).

14. C. Wright and A. Miller, Federal Practice and Procedure, *Civil* § 2146 (1970).

dence. But the cases and commentaries have universally held that the admission of a party's deposition by an adverse party is governed by Rule 32(a)(2) independent of any finding under Rule 32(a)(3). Consequently, we rule that the trial court correctly admitted Gaegler's deposition into the record as substantive evidence.[15]

II

Appellants next three assignments of error deal with their status as holders in due course and with any real and/or personal defenses of which the appellees may avail themselves. In support of these assignments of error, appellants claim that a number of the trial court's findings of fact as to these issues are clearly erroneous or unsupported by the evidence.

Super.Ct.Civ.R. 52(a) requires that a trial court sitting without a jury in an injunctive proceeding shall set forth the findings of fact and conclusions of law which constitute the grounds for its action. More importantly, the rule provides that:

> Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses.

We have held that in a case tried without a jury, this court may review the facts and the law of the case, but we cannot set aside the judgment except for legal errors unless the judgment is plainly wrong or without evidence to support it.[16] This is not to say that the findings of a trial court are beyond reproach. A trial court's findings may be set aside where the testimony adduced at trial does not meet the substantial evidence standard necessary to support the findings of the trial court.[17]

We are indeed reluctant to overturn the findings of a trial court. As stated in *Schilling v. Schwitzer-Cummins Co.*, 79 U.S.App.D.C. 20, 142 F.2d 82 (1944), the ultimate test as to the adequacy of the findings will always be whether they are sufficiently comprehensive and pertinent to the issues as to provide a basis for the decision and whether they are supported by the evidence.[18]

We have examined the findings by the trial court along with the entire record and the briefs filed by the parties. After studying all of these materials, we find that the trial court's findings of fact are deficient in certain areas.

One of the key areas before the court was whether the appellants at the time of their purchase of the note had notice of the appellee's claims and were not, therefore, holders in due course. The appellees' claim of personal and/or real defenses hinged upon the initial determination by the court of the appellants' status as holders in due course. Yet the only

15. We agree with the court in the *Pursche* case in their ruling that the trial court should require a proffer as to what portions of the deposition are to be admitted and the relevancy of those portions. 300 F.2d at 488. It seems from the record in the case before us that appellants' counsel made such a proffer, albeit limited in nature. A more complete statement should be required by the trial court. But a failure to do so in this case was not reversible error.

We further rule that D.C.Code 1973, § 28–3306, cited by appellants in their brief, is inapplicable in this case. According to the record, Gaegler sold the note immediately after his receipt of it and, therefore, did not receive any of the unlawful interest.

16. *Reese v. Crosby*, D.C.App., 280 A.2d 526, 527 (1971), citing D.C.Code 1971 Supp., § 17–305(a). *See also*, *Lewis v. Gardiner*, D.C. App., 294 A.2d 480 (1972); *Johnson & Jenkins Funeral Home, Inc. v. District of Columbia*, D.C.App., 318 A.2d 596 (1974); *$3,265.68 In United States Currency v. District of Columbia*, D.C.App., 249 A.2d 516 (1969); *Metropolitan Casualty Insurance Co. of New York v. Hoage*, 63 App.D.C. 307, 72 F.2d 175 (1934).

17. *Lindsay v. District of Columbia ex rel. Lindsay*, D.C.App., 298 A.2d 211 (1972).

18. 79 U.S.App.D.C. at 22, 142 F.2d 82.

finding of fact relating to this substantive issue is finding sixteen, which states:

> That said promissory note was subsequently sold to a third person or persons, each of whom were advised that the note was usurious and were immediately put on notice that said note was ridden with infirmities and that Defendants, particularly Defendant 4 and 5, purchased said note with actual knowledge of said infirmities and are therefore not *"Holders in Due Course"* of said negotiable instrument.[19]

Although the trial court has reached an ultimate finding on this issue, it has failed to articulate those facts which led to the finding that the appellants had actual knowledge of the note's infirmities. Without further findings on this crucial question, we are unable to decide this case on the merits.[20]

Furthermore, the trial court has not made adequate findings concerning personal and/or real defenses. Should the court determine that the appellants were not holders in due course, it must then decide what, if any personal defenses are available to the appellees.[21] On the other hand, if the appellants have taken the note as holders in due course, their status may only be defeated by one of the real defenses enunciated in the Uniform Commercial Code.[22] The court did make a finding that the appellees at the time of the execution of the note were under adverse mental, physical and emotional conditions, but it has not stated whether these conditions constitute a personal or real defense nor has it enumerated those facts which govern its conclusions in this area. Accordingly, we instruct the trial court to specify in its findings of fact the precise defense, if any, that is applicable in this case and the facts which led it to reach this ultimate finding.

Finally, the trial court has not supported its award of compensatory and punitive damages. For example, the court awarded $3,300.00 in compensatory damages to the appellee Doris Stewart after finding that she had spent $2,500.00 in medical fees, $300.00 for medicines and had lost $500.00 in wages. We have been unable to find evidence in the record to substantiate these awards, nor are we aware of authority upon which such damages validly may be assessed. *Cf. Royall v. Yudelevit,* 106 U.S.App.D.C. 1, 268 F.2d 577 (1959). Mrs. Stewart did testify that she spent "about $3,000.00" in medical expenses and "at least a thousand" in prescribed medicines, but this testimony stands alone without so much as a scintilla of evidence to support it. Medical bills were not submitted into evidence nor was there any testimony by Mrs. Stewart's treating physician as to her illness or the causes of it.

Nor can we sustain the court's award of $500.00 for lost wages. Although Mrs. Stewart testified that her day-to-day work was affected, there is no testimony or real evidence in the record as to lost wages. Damages, whether compensatory or punitive, must find support not only in the law but in the evidence adduced at trial. On remand the court should take a more careful look at the possibility of awarding any damages.

For the reasons stated, we remand this case to the trial court to review its findings of fact and to make whatever additions and modifications it deems necessary. Specifically, the court should draw its attention to those areas we have outlined, including but not limited to, the notice issue, real and/or personal defenses, and the award of damages. Should the court feel, after reviewing its findings, that the case

19. Defendant 4 and 5 refers to the appellants.

20. *Boss v. Hardee,* 68 App.D.C. 75, 93 F.2d 234 (1937).

21. D.C.Code 1973, § 28:3-306.

22. D.C.Code 1973, § 28:3-305(2).

should be reopened in order that further evidence may be taken so as to have a complete determination of all the issues, leave is granted to do so.

*So ordered.*