Nyals MONTGOMERY, Appellant,

v.

Raymond A. DENNIS, Appellee.

No. 79–76.

District of Columbia Court of Appeals.

Submitted Nov. 13, 1979.

Decided Feb. 20, 1980.

Joel P. Bennett, Washington, D. C., was on the brief for appellant.

Raymond A. Dennis, pro se, entered an appearance.

Before GALLAGHER, NEBEKER and MACK, Associate Judges.

PER CURIAM:

On January 23, 1977, appellant, Nyals Montgomery, entered the Cardoza Supermarket and approached the store manager, appellee Raymond Dennis, to request the changing of a quantity of coins into bills. A dispute ensued during which appellant alleges he was forcibly ejected from the store, sustaining injuries to his face, head and back. Appellant subsequently brought a civil action for assault and battery and negligent employment against appellee Dennis and Dennis Enterprises, the owner and operator of the store.[1] The jury returned a verdict in favor of the defendant and this appeal followed. Because we find that certain evidence was improperly excluded, we reverse and remand for a new trial.

Appellant assigns as error the trial court's refusal to admit into evidence certain bills and medical reports concerning treatment given to appellant at Howard University Hospital on the day of the incident, and at Howard, at D.C. General and by Dr. Michael Jaller over a period from four days to approximately six months after the incident.[2] The trial court excluded

---

1. Defendant Dennis Enterprises filed for bankruptcy before trial and is not a party to this appeal.

2. The medical reports of Dr. Aston Greaves, who was the only medical witness to testify at trial, were admitted into evidence.

this evidence on the ground that it had not been properly authenticated.[3] This case is governed by our decision in *Reese v. Crosby,* D.C.App., 280 A.2d 526 (1971) in which we said that where a plaintiff testified that she had received medical treatment for injuries resulting from an assault, a medical bill for this treatment was properly admitted into evidence even though no doctor had testified to its authenticity. This was so because "the bill corroborated appellee's testimony that her injuries from the assault required medical attention, which she sought, and for which she was indebted." *Id.* at 527. Appellant's bills and medical records were therefore admissible at trial without authentication, to corroborate [4] his testimony that he had been assaulted by appellee receiving injuries requiring medical treatment. Accordingly, we reverse the judgment for the defendant and remand for a new trial.[5]

*So ordered.*

3. During its deliberation, the jury sent to the court a note requesting evidence of x-rays and treatment of appellant, and of any police report. The court responded by instructing the jury that it had before it all the evidence that had been properly admitted. Appellant asserts that it was error for the trial judge not to have admitted the evidence of the medical records at this point. Our conclusion that these records should have been admitted at trial moots this assertion.

4. We note in this context that appellee Dennis denied assaulting appellant, thus making the issue at trial essentially one of credibility. Therefore, because the only medical evidence admitted concerned treatment by Dr. Greaves in March and April, the exclusion of evidence that appellant had in fact received medical treatment commencing on January 23, the date of the incident, cannot be considered harmless error.

5. Appellant also assigns as error the trial court's refusal to permit Dr. Greaves to testify to the reasonableness of the charges by Dr. Jaller, Howard University Hospital and D.C. General. It is settled law in this jurisdiction that medical bills may be admitted into evidence without direct testimony establishing their reasonableness. *See Albano v. Yee,* D.C. App., 219 A.2d 567 (1966); *Giant Food Stores, Inc. v. Bowling,* D.C.App., 202 A.2d 783 (1964); *Nunan v. Timberlake,* 66 App.D.C. 150, 85 F.2d 407 (1936). These cases, which admit for the establishment of a prima facie case evidence of

the nature of medical treatment and the amount of the bill incurred, *see Nunan, supra* at 153, 85 F.2d at 410, represent a departure from the rule common in many jurisdictions requiring separate proof of the reasonableness of charges sought to be admitted as evidence of damages in personal injury and wrongful death actions. *See* Annot. 12 A.L.R.3d 1347 (1967); 22 Am.Jur.2d *Damages* §§ 104 at 153–54, 311 at 410–11 (1965); Stein, Damages and Recovery, Personal Injury and Death Actions § 88 at 139–41 (1972); 2 F. Harper and F. James, The Law of Torts § 25.9 at 1319–21 (1956). No case in this jurisdiction has established whether the general rule or its exception is applicable in the context of intentional torts such as assault and battery. We decline to reach this question, however, because the record in this case is unclear on what ground the trial judge excluded Dr. Greaves' testimony. The record on appeal does contain some indication, in the defendant's (appellee's) Statement of Evidence and Proceedings, that the trial judge refused to permit Dr. Greaves to testify to the fairness and reasonableness of the bills because they had not been introduced into evidence. However, appellant in his brief asserts no specific grounds for the trial judge's ruling. The trial transcript in this case has not been included in the record on appeal. Appellee's Statement of Evidence and Proceedings is not sufficiently explicit to enable a ruling on the propriety of the trial judge's exclusion of the testimony.