**Nail H. OZEROL, Appellant,**

v.

**HOWARD UNIVERSITY, Appellee.**

No. 86–1057.

District of Columbia Court of Appeals.

March 24, 1989.

---

Before ROGERS, Chief Judge, STEADMAN, Associate Judge, and REILLY, Senior Judge.

STEADMAN, Associate Judge:

At trial, it was stipulated by Howard University that when tenured or tenure-track professors were paid in whole or in part from grant funds, "their employment papers, as far as the grant was concerned, had an expiration date." In his petition for rehearing of our decision in this case, 545 A.2d 638 (D.C.1988), Ozerol asserts that both the trial court and this panel overlooked the stipulation in giving weight to the fact that Ozerol's employment papers contained specific termination dates.

The fact that the employment papers of tenured professors contained a termination date is not inconsistent with a finding that the written papers here expressed the com-

---

plete terms of the agreement between Howard and Ozerol. Apart from the termination dates in Ozerol's position papers, the evidence might have supported the trial court's determination. *See generally, Howard University v. Best,* 547 A.2d 144 (D.C.1988).

However, the trial court in its determination that the written contract was completely integrated as to the tenure issue listed among the "most damaging evidence" against Ozerol's claim of tenure the fact that the employment papers contained termination dates, making no mention one way or the other of the stipulation mentioned above. While, as stated, the presence of termination dates does not preclude a finding of complete integration, that factual determination is for the trial court to make. *Ozerol, supra,* 545 A.2d at 643. Accordingly, the petition for a rehearing is granted, and the case is remanded to the trial court to review its finding of complete integration and to make any additions and modifications[1] or take other appropriate action it may deem necessary, including without limitation the granting of a new trial. *See Johnson v. Fairfax Village Condominium IV Unit Owners Ass'n,* 548 A.2d 87 (D.C.1988); *Biggs v. Stewart,* 361 A.2d 159, 164 (D.C.1976).

*So ordered.*

## ON PETITION FOR REHEARING EN BANC

Before ROGERS, Chief Judge, MACK,[*] NEWMAN,[*] FERREN, BELSON, TERRY, STEADMAN and SCHWELB, Associate Judges.

### ORDER

PER CURIAM.

On consideration of appellant's petition for rehearing en banc; and it appearing that no judge of this court has called for a vote on the petition for rehearing en banc, it is

ORDERED that the petition for rehearing en banc is denied.

---

[1]. *Inter alia,* the trial court may consider whether the stipulation affects the relevance of testimony as to elements of the alleged oral discussions by reducing direct conflict between them and the writings and, *e.g.,* raising the possibility of partial integration or other effect on the role of the writings.

